CHARLES MANNING *et al.,* Appellants, *v.* HENRY A. WARREN *et al.,* Appellees.

### APPEAL FROM JERSEY.

Where courts of equity have concurrent jurisdiction with courts of law, and the party proceeds in equity, if barred at law he will also be barred in equity.

Although the statute of limitations may not in terms apply to courts of equity, yet by analogy equity will act upon the statute and will refuse relief where the bar is complete at law.

A mortgage became forfeited in 1837; an undivided portion of the mortgaged lands, conveyed prior but recorded subsequent to the mortgage, which were soon after partitioned between the mortgagor and his vendee; the parties who subsequent to the partition acquired from the vendee of the mortgagor and held the land in actual possession over seven years and paid taxes, were held to be protected under the statute of limitations against the application by bill of the mortgagee to foreclose his mortgage. The possession under paper title and payment of taxes for seven years being a bar to equity relief against [the lands so held under the mortgagor.

THE facts of this case are stated in the opinion of the court.

LEVI DAVIS, for Appellants.

J. M. PALMER, for Appellees.

SKINNER, J. This was a bill in equity by Manning and Glover against Warren and others for foreclosure of a mortgage and sale of the mortgaged lands. The bill was filed in 1831, and alleges that in May, 1837, Caleb Stone, being the owner of the mortgaged lands, to secure Manning, as indorser, for the sole benefit and accommodation of Stone against loss on account of such indorsements, executed to Manning the mortgage deed; that Manning, in 1837, for the sole benefit of Stone, indorsed a certain bill of exchange drawn by A. L. and C. Johnson in Missouri on A. L. Johnson of New York, in favor of Stone and Glover for $2108, payable four months after the 10th day of March, 1837; that the bill was protested for non-payment, and

that Manning, as such accommodation indorser, at the maturity of the bill paid the same, whereby the mortgage became forfeited; that in 1842 Manning assigned the mortgage to complainants, and that the amount so paid and the interest thereon remain due to complainants.

The mortgage was duly acknowledged and recorded on the 29th of May, 1837. Warren, Bridges and Snell, three of the defendants, answered separately, setting up in defence, among other things, that Stone, on the 2nd day of March, 1837, conveyed to one Kirkland the undivided half of the following of the mortgaged lands: W. half N. W., E. half S. W., W. half S. E. 25, and E. half N. E. 26, T. 8 N., R. 13 West, of third principal meridian; that the conveyance was duly acknowledged and recorded on the 23rd day of July, 1838; that a partition of said lands was made between Stone and Kirkland, by which Kirkland took the E. half N. E. 26 and W. half N. W. 25 of the four tracts so jointly owned, and Stone the other two tracts; that these defendants derive title to the lands so partitioned to Kirkland by deeds through Kirkland; that they and those under whom they hold have been in the actual possession of these lands under deeds of conveyance running back to Kirkland, for more than seven successive years, and have paid all taxes assessed thereon for the period of their possession.

The possession of these defendants under deeds connecting them with Kirkland for seven successive years before commencement of this suit, and payment of taxes by them for the same time, are admitted.

The Circuit Court dismissed the bill as to these defendants, and the only question necessary for determination is, did the possession and payment of taxes bar the complainants' suit as to them?

When courts of equity have concurrent jurisdiction with courts of law and the party proceeds in equity, if barred at law he will also be barred in equity.

And although the statute of limitations may not in terms apply to courts of equity, yet by analogy equity will act upon the statute and refuse relief where the bar is complete at law. 1 Story's Eq. Com., Secs. 55, 529; *Deloraine* v. *Brown*, 3 Brown's Ch. R. 633; *Smith* v. *Clay*, ibid. 639; *Dearman* v. *Wyche*, 9 Simons 571; *Kane* v. *Bloodgood*, 7 John. Ch. R. 90; *Stafford* v. *Bryan*, 1 Paige's Ch. R. 239; *Humbert* v. *Trinity Church*, 7 ibid. 195; *Watkins* v. *Harwood*, 2 Gill. and John. 307; *Miller's Heirs* v. *McIntyre*, 6 Peters 61; *Elmendorf* v. *Taylor*, 10 Wheaton 152.

It is therefore unnecessary to determine whether this case is

within the express terms of the limitation law of 1839, for it is clearly within the equity of its provisions. Real Estate Statutes 426.

The object of the bill is to subject the lands adversely held by these defendants to sale for the satisfaction of complainant's debt against Stone, and a surrender of possession to the purchaser is a part of the relief legitimately appertaining to such proceeding, and the court would cause the purchaser to be put in possession of the lands.

The remedy is as complete by this suit, to oust, by process of law, these defendants, as ejectment at law, upon the mortgage, could be. By either ejectment or this bill, the remedy, as against these defendants, is complete and effectual to turn them out of their possession.

When, then, did the right of action, to obtain such possession, accrue under the mortgage?

The mortgagee, or his assignees, after forfeiture of the mortgage, could have maintained ejectment to obtain possession of these lands, and the action accrued when the adverse possession commenced. Adams on Ejectment 60; *Smartle* v. *Williams*, Salkeld 246.

The proof shows that actual possession was taken by these defendants, and those under whom they claim, as early as 1840, and has been continued up to the commencement of this suit. Upon the payment of the bill of exchange by Manning, in 1837, the mortgage became forfeited, and from that time ejectment could have been brought upon the mortgage, against any one in possession of the land, until the bar of the statute was complete.

The right of action, then, accrued some eleven years before the commencement of this suit. That these defendants held adversely to the mortgagee can admit of no doubt. They entered under a conveyance executed by the mortgagor prior to the execution of the mortgage, though the mortgage was first recorded, and are presumed to have entered and held in pursuance of, and according to the purport of, their paper title, and not in subservience to the subsequent conveyance of their grantor.

We hold that the possession and payment of taxes for seven successive years, by Warren, Snell and Bridges under their paper title, is a bar to equity relief against the lands so held by them.

*Decree affirmed.*