# SERVELL W. BROWN

*v.*

# FRANCIS DEVINE.

1. MORTGAGE—*statute of limitations.* Where the mortgagor of land conveyed the same, and the grantee complied with all the requirements of the limitation law of 1839, and when sued he relied upon that statute as a bar: *Held,* as against the mortgagee the statute would not apply.

2. SAME. This case distinguished from the case of *Cook* v. *Norton*, 43 Ill. 391, and 48 Ill. 20. In that case it was held that a purchaser from a judgment debtor, buying after a sale on execution, and within fifteen months, might set up and rely upon this statute, against the purchaser under the execution, and that the statute began to run from the time the purchaser might have obtained his sheriff's deed. In that case it was said, if the purchaser had the right to suppose that the purchase from the debtor was for the purpose of redeeming, he had no right to so think after the time to redeem had expired. And in that consists the distinction between the two cases, as in this the mortgagee has no right to suppose the purchase was made for any other purpose than to redeem.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. S. W. BROWN, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The question presented by this record is, whether the grantee of a mortgagor can set up the statute of limitations of 1839 in bar of a bill to foreclose.

It is not denied that it is a well settled rule, in other tribunals, that the possession of the mortgagor, or his grantee, is not adverse to the holder of the mortgage, and therefore the statute of limitations does not run. It is contended, however, that a different rule must be applied here, on the authority of cases already decided by this court. The only case which can lend any color to this position is that of *Cook* v. *Norton,* which was twice before this court, and is reported in 43 Ill. 391, and 48 ib. 20. We there held that a purchaser from a judgment debtor, buying after a sale on execution, and before the expiration of the fifteen months, might set up the statute of limitations against the purchaser under the execution, the statute beginning to run from the time the purchaser might have taken out the sheriff's deed.

When the case was last before the court, it was chiefly upon this question, which was then fully presented by counsel and considered by the court. We then said, "If the purchaser at the sheriff's sale had a right to suppose that the purchaser from the judgment debtor was buying the fee merely for the purpose of redeeming, he had no right so to think after the time of redemption expired." This marks the precise distinction between that case and the present. Here the right of redemption was not gone, and the mortgagee had the right to suppose that the purchaser from the mortgagor had bought and was holding the title of the mortgagor with a view of redeeming whenever the mortgagee should demand payment.

In the former case, the occupant had no title to or legal interest in the land, after his right of redemption expired, and yet, as he claimed under a deed purporting to convey the fee, the real holder of the fee should have known, and must be presumed to have known, that the possession was adverse. In this case the occupant has the title, subject merely to a lien for the payment of a sum of money, and the owner of the lien has a right to regard the possession as consistent with his lien, and not adverse. Hence, in the one case there is *laches*, in the other not. In the one case the owner is sleeping upon his rights, allowing a person without title, but claiming one, to occupy and pay taxes upon his land. In the other the holder of security for the payment of a debt simply allows a possession to continue, which he has no reason to consider hostile, and which is a possession under the very title upon which his debt is secured. In the former case there had been a lien on the one side and a right of redemption on the other, and not until the lien had been converted into an absolute title, and the right of redemption lost, did the statute of limitations begin to run.

In the case before us the lien has not been converted into a title, and the right of redemption has not been lost.

We think the court below did not err in holding the statute of limitations had not barred the right to foreclose.

The decree is affirmed.

*Decree affirmed.*