62   532
21a   35
24a  298
62   532
36a  247
62   532
140  367
62   532
152  207
62   532
163  498
62   532
194  ³597
194  ³598
62   532
199  ¹¹463

# JOHN S. MEDLEY *et al.*

### *v.*

# WILLIAM ELLIOTT *et al.*

1. LIMITATION—*foreclosure.* The grantees of a mortgagor are not protected in their title against a foreclosure of the mortgage duly recorded, by seven years possession and payment of taxes under the first section of the limitation law of 1839.

2. SAME. From the peculiar relation of mortgagor and mortgagee, and the fact that a purchaser from the former succeeds only to his rights, with notice of the incumbrance, and the consequent privity between the parties, the possession of such purchaser must be considered as in subordination to the mortgage, and not hostile; and it can not cease to be of that character until there is an open disclaimer of holding under it, and the assertion of a distinct title with the knowledge of the mortgagee.

3. SAME—*character of possession.* The possession required under the limitation law of 1839 must be adverse. It must be hostile in its inception, and so continue. It must be an actual, continued, visible, notorious, distinct, and hostile possession.

4. SAME—*mortgage.* The statute of limitations which bars the debt can alone bar the mortgage. Until the statutory bar of the debt is complete, an action of ejectment can be maintained, or the mortgage foreclosed by bill in chancery, or by *scire facias.*

5. MORTGAGE—*whose duty to pay taxes.* It is the duty of the mortgagor, or his grantee, when in possession, to pay the taxes on the mortgaged premises; and he can acquire no rights by the discharge of such duty. The mortgagee may well regard such payment as a protection of his interest.

6. SAME—*interest of mortgagee.* In equity, the mortgagee's interest in the mortgaged premises is of a personal character similar to his interest in the debt secured. It is a mere chattel interest. The mortgage is only a charge upon land, and until foreclosure, or possession taken, it remains in the light of a *chose in action.* It is but an incident attached to a debt.

7. SAME—*assignee of mortgage.* The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond.

8. MORTGAGOR'S INTEREST. In equity, the mortgagor is the owner of the fee until entry for condition broken, or foreclosure. His relation to the mortgagee is peculiar. He has been termed a tenant from year to year, or at sufferance, or a *quasi* tenant at sufferance, or a tenant at will. While in

possession he can not be regarded as a trespasser, without some act on the part of the mortgagee.

9. INTEREST OF GRANTEE OF MORTGAGOR. The mortgagor, while in possession, may rightfully sell or lease the premises. His grantee succeeds to his estate, occupies his position, takes subject to the incumbrance, and is subject to the same equities. His possession is not hostile to, or inconsistent with, the rights of the mortgagee, and he is not a trespasser; but the mortgagee, at pleasure, upon forfeiture of the condition, may treat either the mortgagor or his assignee in possession as tenant or trespasser.

10. MORTGAGE—*release of part.* A purchaser of part of the mortgaged premises from the mortgagor, after the release of all the rest of the premises, takes with the lien upon his land exclusively.

11. PARTIES IN CHANCERY—*foreclosure.* Where the mortgagor, in his life time, has sold and conveyed the mortgaged premises, his heirs are not necessary parties to a bill to foreclose the mortgage, they having no interest in the land to be affected.

APPEAL from the Circuit Court of Fulton County; the Hon. C. L. HIGBEE, Judge, presiding.

Mr. S. CORNING JUDD, for the appellants.

Mr. J. S. WINTER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The principal question presented by this record is, are the grantees of a mortgagor protected in their title by possession and payment of taxes, under the first section of the limitation law of 1839; and is the mortgagee thereby barred of foreclosure?

It is the settled law, that in equity a mortgagee has an interest in the premises mortgaged of a personal character similar to the interest which he has in the debt secured. The debt is the principal thing, and the land the incident. The mortgage is only a charge upon the land, and the interest of the mortgagee is a mere chattel interest. *Martin* v. *Mowlin*, 2 Burr. 969; *Pollock* v. *Maison*, 41 Ill. 516; *Runyan* v. *Mer-*

*sereau*, 11 Johns. 534; *Hughes* v. *Edwards*, 9 Wheaton, 489 ; *Eaton* v. *Whiting*, 3 Pick. 484 ; *Wilson* v. *Troup*, 2 Cow. 195.

Chancellor Kent said, in *Jackson* v. *Willard*, 4 Johns. 40, " Until foreclosure, or at least until possession taken, the mortgage remains in the light of a *chose in action*. It is but an incident attached to the debt, and in reason and propriety, it can not, and ought not, to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond."

It naturally follows, that the statute of limitations which bars the debt, the principal, can alone bar the mortgage, the incident. The note secured by the mortgage was not barred for sixteen years after maturity ; the possession set up, was only for eleven years. It was held in *Pollock* v. *Maison, supra,* that an action of ejectment could be maintained, or a bill of foreclosure filed, or judgment recovered by *scire facias*, until the statutory bar of the debt was complete. It is also decided in *Harris* v. *Mills*, 28 Ill. 44, that when recovery upon the note is barred, the right of foreclosure is also barred. The converse must be equally true.

Besides, the grantee of the mortgagor only succeeded to the estate of the latter. He occupied his position, and took the land subject to the incumbrance of the mortgage. The mortgagor is the owner of the fee until the exercise of the right of entry for condition broken, or until foreclosure. There is a peculiar relation existing between the mortgagor and mortgagee. The former has been termed, while he retained possession, a tenant from year to year, or at sufferance, or a *quasi* tenant at sufferance, or a tenant at will. 4 Kent, 156 ; 1 Hill. Mort. 119 ; *Partridge* v. *Bere*, 5 B. & Al. 604.

The mortgagor, while he is permitted to remain in possession, may sell or lease the premises, and under such circumstances can not be regarded as a trespasser without some act on the part of the mortgagee. Neither is the assignee of the mortgagor a trespasser in possession. He is a purchaser, with con-

structive notice of the rights of the mortgagee ; occupies the same position as his grantor ; and is subject to the same equities.   Either may be treated as tenant or trespasser, upon forfeiture of the condition of the mortgage, at the pleasure of the mortgagee.   *Dunn* v. *Rogers,* 43 Ill. 260 ; 1 Hill. on Mort. 123 ; 4 Kent Com. 157 ; *Hughes* v. *Edwards,* 9 Wheaton, 489 ; *Doe* v. *Maisey,* 8 B. & Cress. 767.

The grantees of the mortgagor were never treated as trespassers, and their possession was not hostile to, or inconsistent with, the right of the mortgagee.   *Partridge* v. *Bere, supra; Hitchman* v. *Walton,* 4 M. & W. 409 ; *Doe* v. *Barton,* 11 Ald. & Ell. 307.

There can be no doubt, that before protection can be afforded, under the limitation law of 1839, the possession must be adverse.   It must be hostile in its inception, and so continue.   It must be actual, continued, visible, notorious, distinct, and hostile possession.   *Hawk* v. *Senseman,* 6 Ser. & Rawle, 21 ; *McClellan* v. *Kellogg,* 17 Ill. 503 ; *Cook* v. *Norton,* 48 Ill. 20.

The relation of mortgagor and mortgagee ; the fact that the purchaser only succeeded to the rights of the former, and with notice of the incumbrance, and the consequent privity between the parties, forbid the conclusion of an adverse possession.   The possession must be regarded as in subordination to the mortgage ; and it can not cease to be of that character until there is an open disclaimer of holding under it, and the assertion of a distinct title, with the knowledge of the mortgagee.   *Brown* v. *Devine,* 61 Ill. 260 ; *Geller's Lessee* v. *Eckert,* 4 How. U. S. 289.

The case of *Manning* v. *Warren,* 17 Ill. 267, differs from the present in an important particular.   The entry, in that case, was under a deed executed by the mortgagor prior to the execution of the mortgage, and, hence, the possession could not be said, with any propriety, to be subservient to the mortgage.

As to the payment of taxes, it was the duty of the mortgagor, as well as his grantees, while in possession, to pay the

taxes, and no right could be acquired thereby. The mortgagee might well regard such payment as a protection of his interest. *Wright* v. *Langley,* 36 Ill. 381.

We are of opinion that the record shows a release of all the mortgaged premises, except the land conveyed to appellants, and that the mortgage lien rested upon it. The releases were executed prior to the conveyance to appellants.

The heirs of the mortgagor were not necessary parties, as all the premises mortgaged had been sold and conveyed, and, therefore, they had no subsisting interest in the land.

We think that the decree should be affirmed.

*Decree affirmed.*