# CHARLES HAGAN *et al.*

v.

# LEWIS B. PARSONS *et al.*

1. LIMITATION—*seven years under act of* 1839—*as against mortgage, by mortgagor or those succeeding him.* Parties purchasing land with notice of a lien reserved in the deed to their grantor, can not defeat a proceeding to foreclose or enforce the lien by seven years possession and payment of taxes upon the land. The limitation law of 1839 has no application to such a case.

2. SAME—*as to foreclosure.* The mortgagee's right of foreclosure is not barred until the debt itself is barred by the statute of limitations, which is the period of sixteen years.

APPEAL from the Circuit Court of Macoupin county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was a bill in chancery, by Lewis B. Parsons and Albert G. Edwards, trustees of Eliza Edwards, against Charles Hagan and George Robb. The facts are stated in the opinion of the court.

Mr. W. R. WELCH, for the appellants.

Mr. GEO. W. HAMILTON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 9th day of June, 1857, Willis G. Edwards, then acting as trustee for Eliza Edwards, conveyed the lots described in the bill, to John S. Cotter by deed duly executed, but reserved in it a lien for $115.26, being for the purchase money, which was evidenced by four promissory notes executed by Cotter, payable respectively on the first days of October, 1857; April, 1858; October, 1858, and October, 1859; each for the sum of $28.55.

Willis G. Edwards died, and, by order of court, appellees were appointed trustees for Eliza Edwards, to execute

the trust created by the deed of March 11, 1851, made by Framway R. Cassitt and Matilda, his wife.

This bill was filed by appellees to foreclose the lien reserved in the deed for the purchase money.

Appellants are grantees of Cotter, and it appears from the agreed statement of facts they received the possession of the lots by them respectively claimed from him, and have been in possession more than seven years, and paid all taxes assessed on the property. The deed from Willis G. Edwards to Cotter was on record in the proper office at the date appellants made their purchases.

It is conceded the purchase money of the property for which a lien was reserved in the deed, has never been paid, but it is insisted, as appellants have been in possession more than seven years, and paid all taxes assessed thereon during that period, that fact, under the eighth section of the Statute of Limitations of 1839, in some way bars the right of foreclosure.

We are unable to perceive how appellees' right to enforce the lien reserved for the purchase money can be affected by anything contained in that section of the statute.

Appellants are grantees of the mortgagor, Cotter, and took the estate with notice that it was charged with the payment of the purchase money. They received the possession from the mortgagor, and it was his and their legal duty to pay the taxes on the property. It would be singular, indeed, if the mortgagor, by retaining possession and paying taxes for seven successive years, could defeat the mortgagee's right of action. Such a construction of the statute would be absurd.

Under our laws, the mortgagee's right of foreclosure is not barred until the debt itself is barred by the Statute of Limitations, which would be a period of sixteen years. *Harris* v. *Mills et al.* 28 Ill. 44; *Brown* v. *Devine*, 61 Ill. 260; *Medley* v. *Elliott*, 62 Ill. 532.

The decree of the court below must be affirmed.

*Decree affirmed.*