JOHN L. HANCOCK

*v.*

SAMUEL HARPER.

1. MORTGAGE—*when deed is—presumption.* The fact that a conveyance of real estate is in form an absolute warranty deed raises a strong presumption that it was a sale, and this is strengthened by lapse of time. To show such a deed to be a mortgage only, the proof must be clear and convincing.

2. Where a party, after making a warranty deed for a lot, collected no rents, paid no taxes on the property, or interest to his grantee, and the latter took no

86   445
122  541

86   445
125  206
125  222
27a  150

86   445
126  173

86   445
138  516

86   445
142   87

86   445
95a  4461

86   445
100a 1 29

86   445
205  7255

obligation from the grantor for the payment of money, and never applied for the payment of interest, and nothing was said between the parties on the subject for over twelve years, it was *held,* that these facts and circumstances consisted much better with an absolute sale than with a loan and mortgage.

3. SAME —*parol evidence to show deed a mortgage.* It is the doctrine of this court that parol evidence is admissible to show that a deed, absolute on its face, was intended as a security for the payment of a debt, and such deed is both at law and in equity regarded as a mortgage only.

4. SAME —*mortgagee in possession a trustee.* A mortgagee in possession is deemed by a court of equity a trustee, but this is only a constructive trust, raised by implication, for the purpose of a remedy to prevent injustice.

5. LIMITATION —*in equity.* It is well settled that, where courts of law and equity have concurrent jurisdiction, a claim barred at law will be barred in equity, and even where the jurisdiction in equity is exclusive, if the remedy sought is analogous to a remedy at law, the limitation will apply.

6. Where a bill was filed by the grantor of real estate against his grantee, alleging that the conveyance was a security for money loaned, and charging a sale and conveyance by the grantee to a stranger for a sum much greater than the indebtedness, and seeking to compel the grantee to account for the difference in the proceeds of sale or the value of the lot and the indebtedness, it was *held,* that the bill was barred after the lapse of five years from the time of the conveyance by the defendant, and knowledge of that fact by the complainant, by analogy with the statute applicable to similar demands at law.

7. SAME —*trusts in equity.* In cases of direct and express trusts the statute of limitations will apply from the time the trust is disavowed by the trustee, and an adverse right or interest is insisted upon and made known to the *cestui que trust.*

APPEAL from the Superior Court of Cook County; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. COOPER, GARNET & PACKARD, for the appellant.

Mr. JAMES E. MUNROE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On March 31, 1861, appellee and wife executed to appellant a warranty deed for a lot of ground in the city of Chicago for the expressed consideration of $600. On April 11, 1863, appellant sold and conveyed the lot to one Able, for $2,000.

The bill of complaint in this case was filed against appellant on October 24, 1874, setting up that the warranty deed

made to appellant was but a mortgage or security for the payment of $588.23, loaned by appellant to appellee, to be paid within one year, with interest, praying that appellant might account for the excess of the proceeds of the sale of the lot to Able — or of its value, if greater than such proceeds — over the alleged mortgage debt.

On hearing, the court below decreed the relief prayed; and the defendant appealed.

It appears that the lot was subject to a trust deed containing a power of sale which appellee had previously given to secure the payment of two promissory notes made by him — one for $454.54, and the other for $133.69 — which matured March 31, 1861; and his account of the transaction is, that, being unable to pay these notes, he applied to appellant, in whose employ he was, and the latter agreed to take up the notes and to let appellee have a year in which to sell the lot and pay appellant back with interest; that appellant did take up the notes, and for no other consideration appellee executed the warranty deed in question, not knowing it to be such, he being intoxicated at the time, and supposing that it was a mortgage.

The fact that the conveyance was in form an absolute warranty deed raises a strong presumption, which is strengthened by the lapse of time, that it was a sale. In *Wilson* v. *McDowell*, 78 Ill. 517, this court said: "When contracts of this character are set up to overcome and defeat a deed, the evidence must be clear and convincing in its character. Loose, indefinite, and unsatisfactory evidence will never be held to suffice."

The only witness who gives any direct evidence that the deed was intended as a mortgage is the appellee, and he testifies only to conversations, and not to acts done. The facts and circumstances which appear, consist very much better with a sale with a right to repurchase within a year, than with a loan and mortgage.

Appellant took no obligation from appellee to pay anything. Had there been a loan, it would have been more

natural for appellant to have taken an assignment of appellee's two outstanding notes, and have held them with the deed of trust for his security; a trust deed with a power of sale being a preferable security to a mortgage.

There were upon the lot a couple of small buildings valued at about $300, renting for $12 per month. After the making of the deed, appellee collected no rents, nor paid taxes on the property; he never paid any interest to appellant, nor did the latter ever apply for any, not a word ever having been exchanged between them upon the subject, or even upon the subject matter of the transaction, or anything connected therewith, until about the time of commencing suit, save that appellee says that in January, 1866, he called upon appellant and said that he had come to see about the land matter, and wanted a settlement, and that appellant then gave him $50. Appellant denies this, and says that appellee came to his place to borrow the money, being an old hand of his, and that he lent him the $50.

Immediately after the making of the deed, appellee tried to sell the lot, and placed it in the hands of a real estate agent to sell, but made no effort to sell it after one year. Within the year at least, according to his own testimony, appellee must have had knowledge that the instrument was a deed and not a mortgage, as he testifies he learned that he had signed a warranty deed when he wanted to sell, though in another portion of his testimony he says he never knew the deed was a warranty deed until this suit was commenced.

Appellee went into the army in August, 1862, coming out in July, 1865. He says that he had no money or property when he went into the army, unless it was in this lot; that while in the army he learned, either from his wife or daughter, of the sale of the lot by appellant; that he sent no word to his wife in reply about the property.

The only excuse for the delay in bringing suit is that appellee had no means to bring suit before he did.

The situation of the lot is on the corner of Clark and

Fourteenth streets, forty-two feet on Clark street by 100 feet in depth. Appellee testifies that he considered it worth $4,000 at the time of the deed to appellant. He is corroborated in this respect by two other witnesses. Appellant testifies that he sold the property to Able, April 11, 1863, for $2,000, on two or three years' time, which was all that it was worth as near as he could ascertain after making efforts to find out its value and endeavors to get· the best price he could for it. One of appellee's witnesses testified property in that neighborhood was rising a little between 1861 and 1864.

But without more on the subject of a loan and mortgage, and conceding the transaction to have been such, we are of opinion that the bar of the statute of limitations which is set up in defense should prevail.

From the time of the sale of the lot by appellant to Able all right to the land was gone, and the only recourse was for the money received for the lot, or the money value of the lot. The only claim on appellant thenceforth was to account for and pay over the excess of the proceeds of the sale, or of the value, over and above the mortgage debt.

The claim, though growing out of an equitable right to redeem the land, was a purely money demand. This the bill acknowledges, as the bill is not one to redeem, but merely one for an account for the money received for the land, or its money value, after deducting the amount of the alleged loan.

Our statute providing for the legal remedy of an action of account is: "When any person is liable to account as guardian, bailiff, receiver, or otherwise, to another, and will not give an account willingly, the party to whom such an account ought to be made may bring his or her action of account."

The analogous actions at law for the recovery of money — that of account and that of *assumpsit* for money had and received — would have had to be brought in five years, that being the prescribed period by the statute of limitations for

29 — 86TH ILL.

the bringing of those actions. It is well settled that when courts of law and equity have concurrent jurisdiction a claim barred at law will be barred in equity. *Manning* v. *Warren,* 17 Ill. 267 ; *Hovenden* v. *Lord Annesley,* 2 Sch. & Lefr. 630.

It is the doctrine of this court that parol evidence is admissible to show that a deed absolute on its face was intended as a security for the payment of a debt, and that such a deed so intended is both at law and in equity regarded as a mortgage only. *Delahay* v. *McConnel,* 4 Scam. 156 ; *Tillson* v. *Moulton,* 23 Ill. 648.

But admitting, as is contended, that appellee could not have maintained a suit at law for the surplus proceeds of sale, that the demand here is only equitable, and that equity has exclusive jurisdiction, we can not agree, as is insisted, that the limitation laws are not to be applied to any cases which are exclusively cognizable in equity.

We conceive the rule to be that, even where the jurisdiction in equity is exclusive, the limitation applies if the remedy sought is analogous to a remedy at law. 2 Story Eq. Jur. sec. 1520 ; *Kane* v. *Bloodgood,* 7 Johns. Ch. 89 ; *Carpenter* v. *Carpenter,* 70 Ill. 457.

In *Wilhelm* v. *Saylor, Exr.* 32 Md. 151, a case of a bill for a partnership account, the court, after holding there was a remedy at law, say : " But, instead of its being a legal demand, and the subject of an action of account at law, suppose the appellant's right to an account to be only equitable, and for which no other remedy exists but a bill in chancery, is he in any better position in reference to the defense of the statute of limitations? Clearly not. In such case the statute applies strictly by analogy, and bars equally as if the demand was purely legal. The bill in equity is an analogous proceeding to an action of account, and there is no reason why one proceeding should be barred and not the other. They are both equally within the reason and policy of the statute."

In *Medlicott* v. *O'Donel,* 1 Ball & Beatty, 166, the lord

chancellor held the following language : " I confess I think the statute of limitations is founded upon the soundest principles and the wisest policy ; and that this court, for the peace of families, and to quiet titles, is bound to adopt it in cases where the equitable and legal title so far corresponds that the only difference between them is, that the one must be enforced in this court, the other in a court of law."

It is contended that there was a trust here to which the statute of limitations does not apply.

A mortgagee in possession is deemed by a court of equity a trustee ; but there is no other than a constructive trust, raised by implication, for the purpose of a remedy to prevent injustice. *Russell* v. *Southard*, 12 How. 156. But in cases of direct and express trust the statute of limitations will apply from the time the trust is disavowed by the trustee, and an adverse right or interest is insisted upon and made known to the *cestui que trust*. *Oliver* v. *Piatt*, 3 How. 411 ; *Kane* v. *Bloodgood, supra;* 2 Story Eq. Jur. sec. 1520 *a*.

The case of *Merrill* v. *Houghton*, 51 N. H. 62, is cited by appellee's counsel, which was a bill to redeem in the case of a pledge of personal property, where the property held in pledge had been wrongfully sold by the pledgee, and the question was whether the remedy lay in that form. It was held it did, and that the court might decree compensation.

It may well be, that in the present case the bill might have been in form one to redeem only, and that under it compensation might have been decreed, instead of redemption, as in case of a bill filed for the specific performance of a contract to convey land, and the land has been sold, compensation may be decreed ; still it would not necessarily follow that the same limitation must apply, as in case of the ordinary bill to redeem where the mortgagee holds the mortgaged property.

*Hunter* v. *Hunter*, 50 Mo. 450, is also cited — a case of a bill filed to establish a trust in lands and to recover the

proceeds of a sale thereof made by the trustee more than five years before filing the bill. In defense the five years statute of limitations governing actions of *assumpsit* was set up as a bar. The court held that that limitation did not apply, but the ten years' limitation, for the recovery of lands. That if the plaintiff had sued for the land itself in the hands of the trustee, the ten years' limitation law would have applied, and that the same rule should be applied in the suit for the proceeds of the sale of the land. If the principle of this decision be to the extent that, under the state of facts in the case at bar, the longer period of limitation prescribed by our statute for the recovery of or entry upon lands should apply here, we can not agree therewith and accept it as a controlling precedent.

From the time that appellee made the deed to appellant, over thirteen and a half years elapsed before this suit was commenced, and over eleven years after the sale and conveyance by appellant to Able, of which appellee had knowledge at least as early as in 1865, some nine years before the suit was brought. On such sale and conveyance to Able, as before said, appellee's claim to the land was gone, and his only claim thereafter was a mere money claim for the proceeds of the sale or the value of the land, and from and after the time he knew of such sale to Able and was aware that his only claim was in respect of the money, why in reason and in justice should he not be held to pursue his remedy for the money as in any other case, within five years, the period of limitation prescribed by the statute for the recovery of money? Why be permitted to lie by, as appellee claims, twenty years, the ordinary period of limitation for the recovery of and entry on lands, and within which generally a mortgage is held redeemable, and then sue for the money? True, if a legal title would in ejectment be barred by twenty years' adverse possession, courts of equity will act upon the like limitation, and apply it to all claims of relief sought upon equitable titles, or claims touching real estate. Angell on Limitations, sec. 26. A

court of equity, in applying the statutory limitation analogically, will not permit a claim to real property to be barred by a lapse of time shorter than that which would have barred an action of ejectment at law. *Dugan* v. *Gittings*, 3 Gill, 138.

But these rules are, as we conceive, inapplicable to the present case, because it does not involve a claim to real property. The proceeding, in form, and in relief sought and grantable, is for the recovery of money only. The real claim is in substance and truth a money claim, and not a claim to real estate, and the rule of limitation applicable should in reason be that for the recovery of money, and not for the recovery of lands.

To reverse this, seems to us to be to disregard substance, and to act upon what is but formal and unreal.

As Lord REDESDALE observed, in *Bond* v. *Hopkins*, 1 Sch. & Lefr. 413, the statute of limitations does not apply in terms to proceedings in courts of equity, but cases there are considered as affected by the statute of limitations; "that is, if the equitable title be not sued upon within the time within which a legal title of the same nature ought to be sued upon to prevent the bar created by the statute, the court, acting by analogy to the statute, will not relieve." The analogous case at law we regard as that for the recovery of money, and not of lands; and the remedy at law of the same nature with that here, is an action of *assumpsit* for money had and received, or the action of account — not an action of ejectment; and the rule of limitation to be applied here, we think, should be that of five years, the one which exists at law in the case of the two former actions.

The decree must be reversed.

*Decree reversed.*