# MARIE SCHIFFERSTEIN
## v.
## E. H. ALLISON.

*Mortgages—Foreclosures—Limitations—Sec. 11. Chap. 83, R. S.— Equity of Redemption—Rights of Purchaser—Payment of Note.*

1. The right to foreclose a mortgage continues until the debt which it secures is barred. Whatever arrests the running of the Statute of Limitations against the debt, arrests its running against the mortgage. Whatever recognizes the debt as still subsisting, also recognizes the mortgage by which it is secured.

2. Sec. 11, Chap. 83, R. S., is merely a legislative declaration of the rule previously established by the Supreme Court.

3. A mortgage can be enforced against the purchaser of the mortgagor's equity of redemption, at a sale made when the mortgage was upon its face

in full force and effect, at any time within ten years from the last payment upon the note secured by such mortgage.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

On the 23d day of October, 1874, Samuel R. Sandefur and his wife, Emily, executed their promissory note to Valentine Krauss, for the sum of $300, payable in one year from date with interest at the rate of ten per cent., payable annually. On the same day they made their certain mortgage deed to secure the payment of said note upon the premises described in the bill. At the February term, A. D. 1878, of the Jasper Circuit Court, plaintiff in error recovered a judgment against Samuel R. Sandefur and others for the sum of $2,441.16 and costs, and execution was issued thereon February 13, 1878, and returned "no property found." An alias execution was issued upon said judgment November 22, 1883, and levied upon the equity of redemption of said Samuel in the mortgaged premises, and the same were sold thereunder to plaintiff in error, and not being redeemed she obtained a deed from the Sheriff on June 13, 1885. On the 23d day of March, 1883, Krauss sold and assigned the note and mortgage to the defendant in error who filed this bill to foreclose said mortgage on the 19th day of November, 1886. Six annual payments of interest were made upon the note and later two partial payments, the last of which was made December 12, 1882. The defense to the foreclosure, relied upon, is that the Statute of Limitations bars the proceeding, as the bill was not filed within ten years after the maturity of the debt. The court decreed a foreclosure and the defendant below, Schifferstein, sued out this writ of error to reverse the decree.

Messrs. GIBSON & JOHNSON, for plaintiff in error.

"No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." Sec. 11, Chap. 83, R. S.

The note, which the mortgage secures, having been given October 23, 1874, payable one year after date, the right of action to foreclose the mortgage accrued October 27, 1875. The action to foreclose the mortgage in suit was commenced November 19, 1886,—over eleven years after the right of action accrued.

The mere fact that payments of interest were made upon the note can not affect the rights of the parties to this suit; because, after the right of action had accrued, such payments did not suspend the right of action. Krauss, the payee of the note, could have brought suit upon it at any time after October 26, 1875, or could have brought his bill to foreclose the mortgage, and his action in either proceeding could not have been defeated by showing payments of interest upon the note, whether a mortgage was a lien upon real estate or not, after the maturity of the note or notes which it was given to secure; for the reason that a payment upon the note or notes by the payee perpetuated the right of action by removing the bar of the Statute of Limitation; and the right to foreclose the mortgage inured to the holder of the note until the note itself was barred by limitation. Under this doctrine a mortgage to secure a note, which by the public record would appear to have been barred a half century, might be a valid and subsisting lien upon real estate.

The statute under discussion obviates this manifest evil, and the inquirer can ascertain at a glance, from the record, whether the right of action to foreclose a mortgage has accrued, and whether ten years have elapsed since it accrued; and, if so, he can know that he is dealing with the real estate covered by it, discharged from the lien of such mortgage.

There is no hardship in this. Ten years is certainly a sufficient time in which to bring foreclosure proceedings after the right of action accrues. A party who fails to do so is in no worse situation than is he who allows the lien of his judgment upon real estate to lapse by failing to sue out execution within a year from the time of the rendition of the judgment, or than any one else who allows a Statute of Limitations to run against him, and, by his own negligence, loses his right of action.

Mr. JOHN P. HEAP, for defendant in error.

Under our laws, the mortgagee's right of foreclosure is not barred until the debt itself is barred by the Statute of Limitation.  Hagan v. Parsons, 67 Ill. 170; Harris v. Mills, 28 Ill. 44; Brown v. Devine, 61 Ill. 260; Medley v. Eliott, 62 Ill. 532.

The mortgage is an incident to the debt, and but a security, but it confers the right to reduce the premises to possession as a means of obtaining satisfaction of the debt, and, to render the right effective, ejectment may be maintained against the mortgagor at any time that a recovery may be had on the debt.  The mortgagee may resort to any of the various modes of foreclosure so long as his debt is capable of being enforced, but no longer.  Pollock v. Maison, 41 Ill. 516.

The Statute of Limitation which bars the debt, the principal, can alone bar the mortgage, the incident.  Medley v. Eliott, 62 Ill. 532.

By the payment of interest the payor made a new promise to pay, and gave the holder of the mortgage a new right to foreclose.  Had the note been barred by Sec. 16 of the Statute of Limitation, this payment would have revived the note, and necessarily the mortgage, and given the holder of the mortgage the right to bring an action to foreclose the same.

The right, then, to foreclose the mortgage would have accrued at the time of such payment, and would have continued for ten years from that date.  Every new payment, or promise to pay, gives the holder of the note a new right to collect the unpaid part of it, and a new right accrues to foreclose the mortgage to enforce such collection.

Construing the two sections together, it can not be said that the action to foreclose the mortgage must be brought within ten years from the time the right of action *first* accrues, but within ten years from the time the right *last* accrued.

In the case at bar a partial payment was made on the note December 12, 1882.  By that payment Sandefur, the payor of the note, acknowledged the debt and promised to pay the balance due, thereby giving the holder of the note the right to collect it and the right to foreclose the mortgage.  As this

suit is brought within ten years from the time the right accrued by virtue of such partial payment, there could be no error in decreeing a foreclosure of the mortgage.

A new promise renews the obligation. Brockman v. Sieverling, 6 Ill. App. 512. An unconditional part payment takes the case out of the statute. Paris v. Hunter, 10 Ill. App. 230.

Taking a case out of the statute, either by a new promise or partial payment, has the effect to fix a new date at which the statute begins to run.

PILLSBURY, J. The holding of the courts in England, and in most of the States of the Union, that a mortgagee, notwithstanding the debt is barred by the statute, might still assert his right under the mortgage to enforce the lien in analogy to the Statute of Limitations respecting actions for the recovery of real estate, has not been recognized by our courts. Here it is the settled doctrine that the debt is the principal thing, and the mortgage security but a mere incident, and anything that discharges the debt will have the effect of destroying the lien created by the mortgage, and can be set up as a defense to any proceeding instituted upon the mortgage to obtain satisfaction of the debt, whether by ejectment, *scire facias* or bill in equity to foreclose. Harris v. Mills, 28 Ill. 44; Brown v. Devine, 61 Ill. 260; Medley v. Eliott, 62 Ill. 532; Emory v. Keighan, 88 Ill. 482.

It was said in Medley v. Eliott, *supra*, " that the mortgage is but an incident attached to the debt, and in reason and propriety it can not and ought not to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the land." And again, " that when recovery upon the note is barred, the right of foreclosure is also barred. The converse must be equally true." Emory v. Keighan, *supra*, was an action of ejectment, wherein the plaintiff, Emory, showed a *prima facie* right to recover, and Keighan defended his possession under

Schifferstein v. Allison.

a sale made by virtue of the power of sale contained in a mort-
gage; but it appearing that the sale had been made more than
sixteen years after condition broken in non-payment of the
debt, if it ever was broken, it was held that the Statute of
Limitation barred the debt, as nothing appeared to take the
case out of the statute, and that taking possession under the
mortgage sale, after the right of entry was tolled by lapse of
time, could not revive the debt nor the power of sale so as to
confer upon the defendant any title. From these decisions it
is manifest that the courts, whether of law or equity, had fixed
as determinate a time when the right of entry under the mort-
gage should be tolled by lapse of time, as though it had been
declared by legislative enactment. That time was determined
to be that fixed by the statute for the barring a recovery upon
the debt secured by the mortgage, and not the time prescribed
for the recovery of real property. When the bar of the stat-
ute became complete as to the debt, it was equally so as to the
mortgage, regardless of the character of the proceeding taken
to enforce it. The vitality of the mortgage lien depended
upon the continued existence of the debt, and, when the debt
fell, the lien went with it. We are, then, to inquire whether
the party seeking to enforce the lien of his mortgage, after the
expiration of the time limited by the statute for the com-
mencement of an action to recover the debt, could show that
such lien was still subsisting by proving any of the grounds
known to the law for arresting the running of the statute
against the debt; whether, keeping the debt alive, the mort-
gage lien, as such incident, was so closely connected with and
attached to the debt as to still continue a substantial right in
the mortgagee for the collection of the debt. Speaking of
the presumption of payment arising from the lapse of time, it
is said in Jones on Mortgages, Sec. 1196, that this presump-
tion is not conclusive but may be controlled by evidence of
part payment of the principal or interest, or other admissions
or circumstances from which it may be found that the debt is
still unpaid, but parol evidence, to control this presumption,
should clearly show some positive act of unequivocal recogni-
tion of the debt within that time; and again, Sec. 1198, " that

a payment of interest or part of the principal renews the mortgage so that an action may be brought to enforce it within twenty years after such last payment. This is a rule universally recognized."

Hough v. Bailey, 32 Conn. 288, was a case where a bill was filed to foreclose a mortgage after the expiration of fifteen years, the time limited in that State for barring such action where the mortgagor has been in possession, and to overcome the bar of the statute it was proved that the mortgagor, within the fifteen years, had acknowledged the existence of the debt and promised to pay it. As to the effect of such promise upon the mortgage, Hinman, C. J., said: "This recognition of the debt as still subsisting against him was, in effect, a recognition of the mortgage as a security for it, and prevented the time then elapsed from being counted or considered as any part of the fifteen years' uninterrupted possession necessary in order to bar the mortgagee's right to bring ejectment or to foreclose the mortgage." Emory v. Keighan, 94 Ill. 543, is the same case reported in the 88th Ill., above cited, being taken to the Supreme Court a second time. On a new trial at the circuit, the defendant, in order to avoid the effect of the statute declared in the former opinion, proved that the mortgagor under whom he claimed had been out of the State a sufficient length of time to prevent the statute barring the note at the time the sale was made under the mortgage at which he became the purchaser. It was urged that the statute only permits the deduction of time the debtor was out of the State in actions on the note, and could not be used to uphold the power of sale in the mortgage, but the point was not considered tenable, the court saying: "The power of sale inserted in the mortgage was for the purpose of subjecting the mortgaged property to the payment of the debt so long as it remained in force. Its legal effect was to authorize a sale after the debt matured, so long as it remained in existence and binding on the mortgagor. The mortgage was but a mere incident of the debt, and inhered to it as long as the debt remained in force against the mortgagor, as nothing was done to release or separate it from the debt." Our present act concerning limita-

tion of actions was enacted in 1872, and in the general revision became chapter 83 of the Revised Statutes of 1874, and by it the time for bringing an action upon notes, bonds, etc., was reduced from sixteen to ten years, and in the same act the time for bringing an action or making a sale to foreclose a mortgage was fixed at the same period. This last provision was in legal effect but a legislative declaration of the existing rule. As we have seen, that was applied by both courts of law and equity in this State under the prior statute relating to actions upon the mortgage or mortgage debt; *i. e.*, the time limited for the enforcement of the debt was also applied to the mortgage, and when a recovery was barred upon the former the latter was likewise barred, regardless of the forum wherein it was sought to enforce it; and there can be no doubt that, under the decisions of our Supreme Court in a former part hereof referred to, without this section of the statute especially referring to mortgages, they would have been held subject to the limitation prescribed for the principal thing, the debt, and be barred in the same time as now fixed by the statute, the period of ten years. We do not think that it was the intention of the Legislature to entirely separate the incident, the mortgage, from its principal, the debt, for the payment of which it was pledged, thereby discharging the lien created by it when, under another provision of the same act equally authoritative and positive, and fixing the same limitation, the debt might still be subsisting; but we consider it rather the adoption into the written law of a rule theretofore enforced by the courts in analogy to the existing limitation prescribed by the statute for the recovery of the same debt, the statute now applying whether the debt be evidenced by note, bond, or by the mortgage. We treat this section 11, relating to mortgages, as what, in relation to the debt, has ever been considered a mere Statute of Limitation, to be construed, not as discharging the debt, but as taking away the remedy for the enforcement of its collection, by creating a presumption of its payment and consequent discharge of the lien, unless rebutted by proof of some act of the debtor or mortgagor, unequivocal in its nature, recognizing the continued existence of the mort-

gage lien as security for the debt. Any act of the debtor, sufficient to take the debt out of the operation of the statute by suspending it for a given time, or by fixing a new date from which the ten years' limitation must again commence to run, is such a clear and distinct recognition° of the mortgage as a security for such debt as alike to operate upon it and, by the same act, the bar of the statute, so far as it has run, is removed from both. Whatever recognizes the debt as still subsisting, also recognizes the mortgage as security for it, as it is but the mere incident, and can not, without express agreement, be separated from it. This seems to be the holding in Hough v. Bailey, *supra*, and of our courts so far as the question has been presented, as it is likewise in other States having limitation laws relating to the right of entry under mortgages. The rule seems to be founded in reason and supported by authority, and we see no cause for not following it. The appellant here purchased the equity of redemption of the mortgagor while the mortgage was upon its face in full force and effect, ten years from the maturity of the note not yet having elapsed, and it is but reasonable to suppose that she purchased with a full understanding that the premises were pledged for the debt secured by it, and made her bid accordingly. She stands in the place of the mortgagor, and, as in our view the mortgage could be enforced against him at any time within ten years from the time he made the last payment upon the note, while still the owner of the equity of redemption, she is bound by this act of the revival by him of the time from which the limitation is to commence running anew, and still holds the land charged with the payment of this debt. The decree of the court below, being in accordance with the views above expressed, will be affirmed.

*Decree affirmed.*