EMMA A. STRONG

v.

WILLIAM M. STRONG ET AL.

*Deed as Mortgage—Parol Evidence.*

Parol evidence to establish a deed absolute on its face as a mortgage must be clear and convincing.

[Opinion filed August 8, 1888.]

IN ERROR to the Circuit Court of Cook County; the Hon. THOMAS A. MORAN, Judge, presiding.

This is a bill in equity filed August 12, 1882, by plaintiff in error against William W. Strong, Philo Carpenter and Amos J. Snell, alleging that on February 15, 1878, complainant was the owner of the west 80 feet of lot 29 in McNeill's re-sub-division of lots 16, 17, etc., of McNeill's subdivision of lots 6, 7 and 8 in Wright's addition to Chicago; that William W. Strong represented to complainant that he was the owner of the remaining part of said lot 29 and all of lot 28 in said McNeill's re-subdivision, and that Snell had offered to purchase the whole of lots 28 and 29 for $5,000, but that he, William, could not sell without purchasing of complainant her part of lot 29; that said William also represented to her that if she would convey said west 80 feet of lot 29 to him, he could borrow money on his interest from Carpenter; that she was desirous of selling said west 80 feet, and relying upon the representations and agreement of said William, her brother, to obtain the consideration for said lot, she delivered a deed thereof to her brother, trusting that when he sold the property he would pay to her $2,000 for the 80 feet, $1,000 to be paid in cash as soon as the sale could be made to Snell, and $1,000 to be secured to her by William; that afterward, about February 20, 1878, Strong agreed with

Carpenter for a loan of $4,000, and to secure the same conveyed said lots to Carpenter by warranty deed with the expressed consideration of $5,000; that Carpenter knew when he received the deed that complainant had been paid no part of the consideration therefor; that William afterward procured an extension of the loan and promised complainant that she should have the surplus said lots would bring after Carpenter was paid his $4,000; that about September 1, 1881, said William and Carpenter sold the lots to Snell for $7,500, of which $1,500 was paid in cash and $6,000 secured by notes and trust deed. The prayer is for an accounting and for general relief.

The answer of Carpenter denies all notice of any of the alleged representations to complainant or of any of the alleged agreements between complainant and William, but says the deed from complainant to William was an absolute and indefeasible deed, and Carpenter had no notice of anything to the contrary; denies loaning $4,000 to William, and says the deed from William to said Carpenter was absolute; that he purchased said lots from William for $4,000, and that said deed was not intended as a mortgage; denies that complainant is entitled to any relief.

The bill was taken as confessed by William W. Strong and dismissed as to Snell. On final hearing the bill was dismissed as against Carpenter for want of equity. The complainant sues out this writ of error to reverse the decree.

Messrs. Millard & Smith, for plaintiff in error.

Whenever a deed is shown to have been given as security for a loan of money it is a mortgage. Clark v. Finlon, 90 Ill. 245; Jones on Mort., Par. 274, 329, 600; Campbell v. Worthington, 6 Vt. 448; Baxter v. Willey, 9 Vt. 276.

The existence of a debt is the test. Either a pre-existing debt, or one created at the time, makes the agreement a mortgage. Jones on Mort., Par. 265, 266, 268; Delahay v. McConnel, 4 Scam. 156; Tillson v. Moulton, 23 Ill. 610; Edrington v. Harper, 3 J. J. Marshall, 354.

We maintain that the evidence in this record shows clearly

that the transaction of February 15, 1878, whereby Strong deeded to Carpenter the two lots in question, was that of a loan; that the deed was intended for and was in fact a mortgage; that under the rule of law that "once a mortgage, always a mortgage," that instrument remained a mortgage, and Carpenter sold the lots in question and received the consideration price as the mortgagee, and not as the owner of the property; that at the time plaintiff in error deeded her lot to W. W. Strong, Carpenter was informed of her interest, knew of it and knew that she was not receiving her pay for her lot; that Strong's agreement with plaintiff in error that she should have all of the equitable interest in the two lots over and above the $4,000 advanced by Carpenter to Strong was an equitable assignment, which since that date has been treated as such and frequently confirmed by Strong, and that his interest or equity in the lots was assignable and was of such a nature that courts of equity will recognize and protect such an assignment.

In equity all contracts and agreements may be assigned and will be protected. Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Chapman v. Shattuck, 3 Gilm. 49; Littlefield v. Story, 3 Johns. 426; Ridgeway v. Underwood, 67 Ill. 420; Story on Contracts, Sec. 379 g; Bispham's Principles of Equity, 164–5; Story's Equity Juris. 1046–47.

Messrs. Comstock & Hess and Frank J. Crawford, for defendants in error.

Garnett, J. The object of this bill is to impress upon the deed executed by William W. Strong to Philo Carpenter the character of a mortgage. The deed is absolute on its face, and the consideration paid therefor, if not full and entirely adequate, was about a fair equivalent. To convert such an instrument into a mortgage by parol proof, as the plaintiff in error now seeks to do, the authorities uniformly require that the evidence must be clear and satisfactory. Price v. Karnes, 59 Ill. 276; Remington v. Campbell, 60 Ill. 516; Magnusson v. Johnson, 73 Ill. 156; Wilson v. McDowell, 78 Ill. 514; Hancock v. Harper, 86 Ill. 445; Knowles v. Knowles, 86 Ill. 1; Bartling v. Brasuhn, 102 Ill. 441.

The proof of touching the question whether the transaction was a purchase or loan by Carpenter was conflicting, and in many instances directly contradictory. Even if we felt uncertain about the correctness of the conclusion of the court below, the decree would have to be affirmed. But any hesitation is removed by the evidence of William W. Strong, a witness called in behalf of complainant, who testifies that he never had or claimed, or thought of any interest in the lots after his deed to Carpenter. The witness could not have meant by this disavowal that he had assigned his equity of redemption to complainant, because the bill alleges that, at the time the loan was extended, William promised her that she should have all the lots brought, after Carpenter was paid the $4,000. That was some time after the deed was delivered to Carpenter, and if it was intended as a mortgage the equity of redemption must have remained in William until he assigned it, as alleged, to complainant. The complainant is equally unfortunate in the proof of notice to Carpenter that she had not been paid or secured the purchase price for the west 80 feet of lot 29. The record fails to show to our satisfaction that Carpenter was notified that she was not secured.

The finding of the court below was manifestly correct. The decree is affirmed.

*Decree affirmed.*

MORAN, P. J., took no part in the decision of this case.