## Case No. 5,008.

### FOX v. BLOSSOM.

[17 Blatchf. 352.] [1]

Circuit Court, D. Connecticut. Dec. 18, 1879.

Thomas E. Graves, for plaintiff.
Edward Goodman and John J. Hill, for defendant.

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

SHIPMAN, District Judge. This is a bill in equity, by a mortgagee out of possession, against a prior mortgagee and the mortgagor in possession, praying that the prior mortgage may be decreed to be cancelled, upon the ground that, more than fifteen years prior to the date of the bill, the mortgagor paid the notes secured by said mortgage, and that, for more than fifteen years, the mortgagee has had no equitable interest in the land conveyed by said deed, and that, during all said term, the mortgagor has been in full and exclusive possession of said land, adversely to said prior mortgagee, and paying no interest upon said mortgage notes. The bill was served October 30th, 1877. Said prior mortgagee has brought a cross-bill, praying for a foreclosure of his mortgage.

On or about June 6th, 1854, Orange D. Day executed and delivered to Frederick A. Blossom a mortgage of that date upon land in Killingly, in this state, correctly described in said bill, to secure five promissory notes of $1,000 each, payable respectively in four, six, twelve, eighteen and twenty-four months from said date, with interest payable semi-annually. Said mortgage was duly recorded on July 14th, 1854, in the town records of Killingly. No interest or principal has been paid upon said notes. In June, 1855, Day acknowledged an indebtedness to Blossom upon said notes. There was testimony contradicted by Day, that, in 1858, he also acknowledged an indebtedness to Blossom, but, since 1855, Day has never admitted or acknowledged an existing liability to Blossom, and has never done any act recognizing the continued existence of the mortgage, or by which an acknowledgment of an existing liability could be inferred. In December, 1868, Blossom brought against Day a petition for the foreclosure of said mortgage, returnable before the supreme court for Windham county, alleging the execution of the mortgage, and the delivery and non-payment of the notes. To this petition Day filed an answer, admitting the execution and delivery of said notes and mortgage on June 6th, 1854, and that before that date he owed Blossom $4,000, but averring that said notes were executed in pursuance of an usurious agreement in regard to the forbearance of said debt, and that said notes and mortgage were void, and denying all other allegations of said petition. The petition was withdrawn during the August term, 1870. Blossom was then in Europe, where he had been detained by sickness. Ever since 1854, Day has been in the exclusive, uninterrupted use and occupation of said land, and, since 1858, at least, has occupied said land adversely to any rights of Blossom, and has held the same not recognizing any title, equitable or otherwise, existing in said Blossom. The mortgage deed to Blossom excepts from the covenant against incumbrances "a life lease to my" (the mortgagor's) "mother." There

never was a lease to his mother, but he had executed a mortgage to William S. Day, upon condition that the mortgagor should provide or pay for his mother's (Amy Day's) support during her life. The consideration of said Blossom notes was a good considera tion, and they were not usurious. Prior to June 6th, 1854, said Blossom, Day, and one E. G. Reynolds were partners in the city of New York, under the name of O. D. Day, but the remaining allegations of the answer to the cross-bill of Blossom, in regard to the purpose for which the notes were given, and the cancellation or payment thereof by set-off or otherwise, are not affirmatively found to be true. The testimony is contradictory and untrustworthy.

Said Day, on August 27th, 1877, was justly indebted to John O. Fox, the plaintiff, in the sum of $3,000, which indebtedness was evi denced by his promissory note, dated August 11th, 1877, payable to said Fox three years from said date, with interest semi-annually, and, to secure the payment of said note, mortgaged, on said August 27th, 1877, the lands described in the bill and the same lands mortgaged to Blossom. Said mortgage was duly recorded. Fox did not examine the records, but was informed by Day and believed, that the property was free, from incumbrances, except the mortgage to Wil liam S. Day for the support of Amy Day. Nothing has been paid upon said note, either as interest or principal. Day is insolvent and there is no probability that he ever will pay the note.

By the law of Connecticut, the mortgagee's right of foreclosure, in a suit at law for the recovery of possession, is barred, if the mortgagor has been "permitted to remain in possession of the premises for a period of fifteen years, at least, without payment dur ing that time of any portion of the debt, or the performance of any act recognizing the continued existence of the mortgage." But, an acknowledgment of the existence of the debt by the mortgagor during his ownership, and within fifteen years from the time of bringing the bill for foreclosure, is sufficient to remove the bar, for, such recognition of the debt, as a subsisting debt, is a recogni tion of the mortgage as a security, and pre vents "the time that had elapsed from being counted or considered as any part of the fifteen years' uninterrupted possession, neces sary in order to bar the mortgagee's right to bring ejectment or to foreclose the mort gage." Hough v. Bailey, 32 Conn. 288; Jarvis v. Woodruff, 22 Conn. 548; Haskell v. Bailey, Id. 569; Hughes v. Edwards, 9 Wheat. [22 U. S.] 489.

It is useless to say that Day's answer in the superior court foreclosure suit was an acknowledgment of the debt, for he express ly denied that it was an existing debt, and denied non-payment of the notes, and aver red that the mortgage and notes were void.

The defendant Blossom insists, as matter of law, that the plaintiff has no right to a decree, because he is out of possession, and is a mortgagee whose debt may be paid at maturity. When the mortgagee ascertains that there is an apparent but fictitious in cumbrance upon the mortgaged land, and that the safety of his mortgage is important to the safety of his debt, he has the same right to have his lien protected by a court of equity and relieved from prior nominal in cumbrances which have been paid or other wise satisfied or extinguished, which the owner has to have his title relieved from a cloud. The suit is not prematurely brought because the principal of the debt is not due. Lounsbury v. Purdy, 18 N. Y. 515. The principle upon which courts of equity act in the cancellation of invalid deeds or other invalid instruments does not depend upon the particular interest or title which is to be protected. It is sufficient if the plaintiff has some interest in or title to the land which is clouded with an invalid lien, and that his interest or title is endangered thereby. Hartford v. Chipman, 21 Conn. 488; Ward v. Chamberlain, 2 Black [67 U. S.] 430. The principle is familiar and is as clearly stated as anywhere in Martin v. Graves, 5 Allen, 601. "Whenever a deed or other instrument exists, which may be vexatiously or in juriously used against a party after the evi dence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediate ly protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and cancelled, or by making any other decree which justice and the rights of the parties may require."

The fact that the plaintiff is out of pos session does not deprive him of the right to the benefit of a bill quia timet. Martin v. Graves, 5 Allen, 601; Hartford v. Chipman, 21 Conn. 488; Lounsbury v. Purdy, 18 N. Y. 515. There are, probably, instances where a claimant out of possession should not obtain the aid of a court of equity, by a bill quia timet, to establish his right to a legal title and to the possession, against a defendant in possession with an apparently valid legal title; but, the case of a mortgagee who claims that another mortgage of record is functus officio, and has been extinguished, both parties being out of possession, is not of such a character.

Let there be a decree that the mortgage to Blossom constitutes no lien upon the lands named therein, and that said lands are freed from said nominal incumbrance, and that the cross-bill is dismissed.