### HENRY J. HOUSTON ET AL.
### V.
### CORBEN B. WORKMAN.

*Trust Deed—Foreclosure—Statute of Limitations—Sec. 11, Act of 1872 —Death of Grantor—Partition and Sale—Privity—Practice—Demurrer.*

1. Sec. 11 of the statute of limitations of 1872, prohibiting foreclosure of a mortgage or trust deed, unless within ten years after the cause of action accrues, is construed with reference to Sec. 16 of the same act, which provides for extensions by means of payment or new promise. The right of foreclosure extends until the indebtedness secured is barred.

2. A purchaser of land under a decree of partition and sale, procured by the widow and children of the maker of a trust deed, may avail himself of the defense of the statute of limitations in foreclosure proceedings.

3. Where it appears on the face of the bill that the debt secured is barred by the statute of limitations, advantage may be taken of the bar on demurrer.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Schuyler County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. JOHN S. WINTER, for appellants.

Messrs. W. L. VANDEVENTER and S. B. MONTGOMERY, for appellee.

CONGER, P. J. This was a bill in chancery filed by appellants against appellee to foreclose a deed of trust. The prin-

cipal facts as shown by the bill are, that on December 10, 1873, one Hartwell Lancaster executed a note for $316.29, payable twelve months after date, to one Dray, and upon the same day Lancaster and his wife executed to one John C. Bagby as trustee, the trust deed in question upon certain real estate, to secure the note aforesaid. The note was afterward assigned by Dray to said Bagby, and by him to appellant Houston.

The trust deed also passed with such assignment, as security for the note.

That at various times after the maturity of the note, begining March 10, 1875, and continuing from time to time thereafter until December 28, 1882, said Lancaster made partial payments upon said note. That Lancaster died intestate on June 22, 1884, leaving his wife and five children surviving him as his heirs at law. That at the October term, 1886, in the Circuit Court of Schuyler county, the widow and heirs procured a decree of partition and sale under which, on the 10th day of January, 1887, the said real estate was sold, and appellee Workman became the purchaser, and received a deed therefor.

The bill concludes with a prayer for a foreclosure of such trust deed, unless the amount due upon said note is paid. The bill was filed September 22, 1887.

To this bill a demurrer, both general and special, was interposed, the special cause alleged being that the right of foreclosure was barred by virtue of Sec. 11 of the Limitation Act of 1872, which demurrer was sustained by the court, and a decree entered dismissing the bill.

That appellee as a purchaser was in such privity to the maker of the trust deed that he could avail himself of the defense of the statute of limitations, is clear. Wood on Limitations, p. 79.

He could also properly raise the question by demurrer to the bill, when the facts showing the bar appear on the face of the bill. Ilett v. Collins, 103 Ill. 74.

The decision upon the demurrer involves the construction of Sec. 11 of the Limitation Act of 1872, and as the opinion of the Supreme Court in the case of Schifferstein v. Allison,

reported in the N. E. Reporter of March 9, 1888, page 275, is upon this precise point, it is only necessary to say that according to the doctrine therein announced, the ruling of the Circuit Court was erroneous and the decree of that court will therefore be reversed and the cause remanded.

                                    *Reversed and remanded.*