THOS. N. HILL, Adm'r, v. HILLIARD & CO. and J. L. OUSBY.

*Statute of Limitations, Agreement not to Plead; Claimants under Mortgagor can plead it against Mortgagee.*

1. The indulgence of a debtor by the creditor, at the special request of the debtor, will not prevent the running of the statute of limitations. To prevent the statute's being a bar, there must be an *agreement*, express or implied, on the part of the debtor, that he will not plead the statute.

2. A subsequent mortgagee, or purchaser of the equity of redemption, has the right to avail himself of the statute of limitations as a defence to the first mortgage, and after the rights of the first mortgagee are barred by the staute, no act or acknowledgment on the part of the mortgagor can revive the mortgage. as to subsequent mortgagees or purchasers.

3. A subsequent mortgagee, or purchaser of the equity of redemption, can avail himself of the protection of the statute of limitations against a prior mortgagee, although the mortgagor is a party to the action and refuses to plead the staute.

CIVIL ACTION, tried before *MacRae, J.*, at Fall Term, 1888, of HALIFAX Superior Court.

The following are agreed upon as the facts in this controversy:

HILL *v.* HILLIARD & CO.

1. That on the 3d day of March, 1876, the defendant James L. Ousby executed to Maria J. Lowe a mortgage in fee on two lots near the town of Halifax, numbered 8 and 9, to secure three notes, all then past due, upon condition that if said Ousby should pay said notes by January 1, 1877, said mortgage deed should be void, and with power of sale in case of default. Said deed was duly registered in Halifax County.

2. That on the 5th day of April, 1886, said Ousby mortgaged the said lots, along with other real and personal property, in fee, to the defendant Louis Hilliard, to secure a debt of $1,124.35, due ten months thereafter, with 8 per cent. interest after maturity, which deed was duly registered in Book 74 B, page 364, of the Register's office of said county, April 5, 1886. There is still due on this mortgage debt $962.52, with 8 per cent. interest from 1st day of March, 1888. All the personal property embraced therein has been subjected thereto, and the real estate, outside of lots 8 and 9, is insufficient to pay said debt.

3. That nothing has ever been paid on the Maria J. Lowe notes or mortgage debt.

4. That said Maria J. Lowe died domiciled in Halifax County in the year 1881, leaving a last will and testament, and on the 28th day of March, 1882, R E. Moseley qualified as her administrator with the will annexed. On the 3d day of July, 1882, said Moseley having died, the plaintiff, Thos. N. Hill, duly qualified as administrator *de bonis non*, with the will annexed, on said estate.

5. That Louis Hilliard & Co. had actual notice of the M. J. Lowe mortgage at the time of accepting the mortgage to them.

6. That said Thos. N. Hill never had any actual notice of the mortgage to Louis Hilliard & Co. (save such notice as registration confers) till the latter part of January or first of February, 1888.

7. That said Hill did not sue upon or foreclose the M. J. Lowe mortgage, described in the complaint, prior to January 1, 1887, because he was requested to indulge the same by said Ousby, and he did indulge him at his special request; and on the 29th day of December, 1887, said Ousby executed and delivered to said Hill the paper herewith filed, marked "Exhibit A." The said Hill having great confidence in the integrity of said Ousby, and the said Ousby being in straightened circumstances, said Hill indulged him without apprehension that he would set up the statutory bar as a defence, or endeavor by any means to prevent his collecting said notes; and said Ousby has made no effort to prevent such collection.

8. That said Ousby is now, and has been since the execution of the mortgages to the said Lowe and Hilliard & Company, in possession of the said lots 8 and 9.

\*          \*          \*          \*          \*          \*          \*

Under these facts the question whether the M. J. Lowe mortgage is barred by the statute of limitations, as against Louis Hilliard & Co., and who plead the same, is submitted for the decision of the Court.

The following is the judgment rendered below :

"This cause coming on to be heard upon the case agreed, and the Court being of the opinion that the statute of limitations is a plea not favored, and that it is a personal privilege of the defendant Ousby, and cannot be set up by the second mortgagee, Hilliard—

"It is adjudged that the plaintiff Thomas N. Hill, as administrator, &c., of Maria J. Lowe, deceased, recover of the defendant James L. Ousby the sum of five hundred and fifty-five dollars and sixty-eight cents, with interest on $264.98 from the first day of January, 1889, till paid.

"It is further adjudged, that said recovery is the first lien on the lots Nos. 8 and 9, on the plot of Martha B. Eppes' estate, situate near the town of Halifax.

"It is further adjudged, that the defendants, Louis Hilliard & Company, recover of the defendant James L. Ousby the sum of $962 52, with interest on said sum of nine hundred and sixty-two dollars and fifty-two cents, at 8 per cent., from the first day of March, 1888, till paid.

"It is further adjudged that the said recovery of said Hilliard & Co. is a second lien on said lots Nos. 8 and 9, and the first lien on the other lots described in the answer. ·

"It is further adjudged, that unless the aforesaid recovery of the plaintiff, and of the defendants Hilliard & Co., is paid off within sixty days from the first day of this term, then that all said lands shall be sold by R. O. Burton, Jr., and A. J. Burton, hereby appointed commissioners for that purpose, after due advertisement according to law, who will make due report to this Court.

"The following is a fuller description of the other lots above referred to : All those lots near the town of Halifax, numbered on the plot of Martha B. Eppes' estate as lots Nos. 4, 6 and 11 (except a small part of 6 and 11, as shown by the plot in the partition agreement between Jas. L. Ousby and M. Whitehead).

"The cause is held for further directions."

The defendants Hilliard & Co. appealed.

*Mr. A. J. Burton*, for the plaintiff.
*Mr. R. O. Burton*, for the defendant Hilliard.

SHEPHERD, J.    This action was commenced on the 23d of February, 1888, eleven years after the forfeiture of the plaintiff's mortgage, and the mortgagor has been in possession of lots numbers eight and nine during the whole period, and has made no payment.    About nine years after the forfeiture, Ousby, the mortgagor, executed a mortgage upon his equity of redemption to the defendant Hilliard, and it is admitted that the property, " outside of lots numbers eight and nine, is

insufficient to pay" his debt. Had anything transpired
between the plaintiff and the mortgagor, before the execu-
tion of the mortgage to Hilliard, by which the running of
the statute of limitations was suspended? We think not.
There was no agreement, either express or implied, that the
mortgagor was not to plead the statute.

The case only shows that the plaintiff indulged him at his
"special request, having confidence in his integrity, and
without apprehension that he (Ousby) would set up the stat-
utory bar as a defence." Very clearly this does not bring
the case within the principle of *Barcroft* v. *Roberts*, 91 N. C.,
363, and the authorities there cited. In that case there was
a promise not to plead the statute, and the Chief Justice,
commenting upon the decision, said, in *Joyner* v. *Massey*, 97
N. C., 148, that "it carries the doctrine to its extreme limits,
beyond which I am unwilling to go." There being nothing
to arrest the running of the statute, the statutory bar was
more than complete when the mortgagor executed to the
plaintiff a writing by which he promised to pay the debt,
and agreed that he would not plead the statute, either to the
"notes or said mortgage." He now declines to plead the stat-
ute, and the question is whether his conduct, after the mort-
gage was barred, can have the effect of repelling the statute
in so far as it affects the defendant Hilliard. It is true that
the plea of the statute is a personal one, but we think with
Mr. Wood, in his work on Limitations, sec. 230, "that where
the rights of subsequent mortgagees intervene, or where the
mortgagor has sold the premises, an acknowledgment or pay-
ment afterwards made by the mortgagor, after the statute
bar has become complete, revives [does not revive] the mort-
gage so as to defeat any of the rights of such subsequent
mortgagee or grantee. But, so far as his own interests are
concerned, he may revive the mortgage by such acts, but not
so as to impair or defeat the rights of other parties,
who, previous to such acts, acquired an interest in the
premises. * * * It seems that when the statute has run

upon a prior mortgage, the holder of a subsequent mortgage, cancelled as against a mortgage out of possession, and a court of equity, upon proper proceedings to that end, will direct its cancellation on the ground of such bar." The context fully justifies the negative words inserted in brackets, and the case of the *N. Y. Life Ins. Co.* v. *Covert*, 39 Barb., 440, cited by Wood, plainly shows the mistake of the author or printer. The opinion in the case says : " That such being the relation between Cornell and the defendants deriving title under him, it would be inequitable and unjust to allow either, by any act or declaration, to affect the rights or interests of the others in regard to the incumbrance, either by a written acknowledgment of the debt or by part payment." Jones on Mortgages, sec. 1509, says : " Moreover, it is held that purchasers from the mortgagor, subsequent to the execution of the mortgage, may plead the statute of limitations as a defence to an action commenced after the statute has run against the debt secured." *Lent* v. *Shear*, 26 Cal., 16 ; *Medley* v. *Elliott*, 62 Ill., 532 ; *Schmucker* v. *Sibert*, 18 Kan., 110 ; *Fox* v. *Blossom*, 17 Blatchf., 352. We have no decisions upon the subject in this State, but we think the principles laid down in the authorities cited are consistent with reason and equity, and we, therefore, adopt them.

The judgment below should be modified according to the views expressed in this opinion.

Modified and affirmed.