## CORBEY ET AL. v. ROGERS, JR.

[No. 18,786.   Filed February 3, 1899.]

APPEAL AND ERROR.—*Motion to Strike Out Part of Pleading.—How Made Part of Record.*—A motion to strike out a part or all of a pleading can only be made a part of the record by bill of exceptions or order of court.   *p. 169.*

PLEADING. — *Foreclosure of Mortgage.—Statute of Limitations.* — Where a complaint to foreclose a mortgage recites that a certain defendant claims some interest in the mortgaged property, but that if he has any interest it is subject to plaintiff's mortgage, such defendant cannot plead the statute of limitations, unless he alleges facts showing that he has an interest in the property.   *p. 170.*

SAME.—*Facts in One Paragraph Not Made Part of Another by Reference.*—The facts averred in one paragraph of a pleading cannot be adopted and made a part of another paragraph by reference.   *p. 172.*

From the Vigo Circuit Court.   *Affirmed.*

*I. N. Pierce* and *W. A. Keerns*, for appellants.

*G. W. Kleiser* and *J. H. Kleiser*, for appellee.

MONKS, C. J.—This action was brought by appellee against appellants to foreclose a mortgage.   Appellant Corbey filed an answer in three paragraphs.   A demurrer was sustained to the third paragraph.   The cause was tried and judgment rendered foreclosing said mortgage against appellants.

The errors assigned by appellant Corbey and not waived by a failure to argue the same are: 1. "The court erred in sustaining the motion of appellee to strike out certain portions of the third paragraph of the separate answer of appellant Corbey.   2.   The court erred in sustaining appellee's demurrer to the third paragraph of answer."

It is well settled that a motion to strike out a part, or all of a pleading, can only be made a part of the record by a bill of exceptions or order of court.   *Dudley* v. *Pigg*, 149 Ind. 363, 369, and cases cited; *Aurora, etc., Ins. Co.* v. *Johnson*, 46 Ind. 315, 317, and cases cited.   The clerk has copied into the

transcript what purports to be a motion to strike out parts of the third paragraph of answer; this did not, however, make it a part of the record. *Dudley* v. *Pigg, supra; Aurora, etc., Ins. Co.* v. *Johnson, supra.* The clerk has also copied into the transcript a bill of exceptions duly signed by the judge, showing the filing of a motion to strike out parts of the third paragraph of answer, and that the same was sustained, but at the place in the bill of exceptions marked "here insert," where the clerk should have copied the motion to strike out, he has referred to the page of the transcript where the motion may be found. This did not make the motion a part of the record. *Aurora, etc., Ins. Co.* v. *Johnson, supra;* Elliott's App. Proc., sections 818, 819. The parts of the paragraph to which the motion referred are not in any way identified by the bill of exceptions. No question is presented, therefore, concerning the action of the court in sustaining said motion.

It is alleged in the complaint that one Claiborne Hedges executed the note and mortgage sued upon, Feb. 16, 1883, the note being payable thirty days after date; that said Hedges died intestate on Dec. 16, 1892, and left surviving him his widow, the appellant Ellen Hedges, and that no letters of administration have been granted on his estate, and "the defendant Corbey claims to have some interest in said estate, but if he has any interest it is subject to plaintiff's mortgage lien, and said defendant therefore is made a defendant to answer as to his interest so claimed." It is the rule in this State that such a complaint challenged the appellant Corbey to set up his claim, if any, superior to the mortgage, and on failure to do so he is precluded by the judgment and decree from ever after claiming any right in the mortgaged property superior to the mortgage so foreclosed. *O'Brien* v. *Moffitt,* 133 Ind. 660, 665-667, and cases cited; *Woollen* v. *Wishmier,* 70 Ind. 108, 110, 111; *Woodworth* v. *Zimmerman,* 92 Ind. 349; *Craighead* v. *Dalton,* 105 Ind. 72.

The third paragraph of the answer of the appellant Cor-

bey, set up the ten years' statute of limitation as a bar to the foreclosure of said mortgage, but in no way set forth the interest he claimed in the real estate, or that he was a grantee or mortgagee of Hedges who executed the note and mortgage sued upon, or otherwise held under him, or that he owned or claimed any interest whatever in said real estate or any part thereof. The general rule is that the right to plead the statute of limitations is a personal privilege, but persons standing in the place of the party having the personal privilege, such grantees, mortgagees, executors, administrators, trustees, heirs, devisees, or other persons holding under him, may set up such a defense. 1 Wood on Lim., pp. 96, 97; Buswell Lim. and Adv. Pos. 527; 13 Am. and Eng. Enc. of Law 709, 710; *Riser* v. *Snoddy, Adm.,* 7 Ind. 442, 445, 446; *Cole, Adm.,* v. *Lafontaine,* 84 Ind. 446, 449; *Lord* v. *Morris,* 18 Cal. 482, 490, 491; *Grattan* v. *Wiggins,* 23 Cal. 16; *Baldwin* v. *Boyd,* 18 Neb. 444, 448, 449, 25 N. W. 580, and cases cited; *Mitcheltree* v. *Veach,* 31 Pa. St. 455; *Wood-yard* v. *Polsley,* 14 W. Va. 211; *Werdenbaugh* v. *Reid,* 20 W. Va. 588, 589; *Smith* v. *Brown,* 99 N. C. 377, 6 S. E. 667; *Trimble* v. *Fariss,* 78 Ala. 260; *Steele* v. *Steele's Adm.,* 64 Ala. 438; *Dawson* v. *Callaway,* 18 Ga. 573, 585.

There may be cases where one owning real estate or an interest therein could set up the statute of limitations as a defense to an action to enforce a mortgage lien on such real estate, when he did not derive his title from or through such mortgagor. But this we need not determine, for it is clear, we think, that said third paragraph of answer was not sufficient because, as the complaint stood, it was incumbent on appellant, in addition to the allegation of the statute of limitations, to aver facts showing that he had such interest in the real estate described in the mortgage, as entitled him to the benefit of said statute of limitations, and no such facts are set forth in said paragraph. If the complaint had set up the facts showing that Corbey had an interest in said real estate

and what that interest was, it would not have been necessary to set forth such facts in the third paragraph of answer. When, in a case like this, facts concerning the interest of a defendant in the real estate are not set forth in the complaint, he must set them up in his answer. *Mann* v. *State, ex rel.*, 116 Ind. 383.

It is true that an attempt is made in the third paragraph of answer to adopt and make the second paragraph of answer a part thereof by reference. It is settled, however, that facts averred in one paragraph of a pleading cannot be adopted and made a part of another paragraph by reference. *Potter* v. *Earnest*, 45 Ind. 416, 418, and cases cited; *Mason* v. *Weston*, 29 Ind. 561. It not appearing from the facts alleged in the third paragraph of answer that appellant had or owned any interest in the mortgaged real estate, the court did not err in sustaining the demurrer thereto.

There is some controversy between counsel as to whether section 299 Burns 1894, section 298 Horner 1897, extending the limitation in case of the death of the person liable to an action before the expiration of the time limited for the commencement of the action, applies to this case. As the third paragraph of answer is insufficient for other reasons, it is not necessary to determine this question. Finding no error in the record the judgment is affirmed.