Price, J.
.It is not seriously questioned that the mortgagor, George C. Clyde, if living, could make the plea of the statutory bar, against both the note and the mortgage securing the same, if more than fifteen y,ears had elapsed between the maturity of the debt and the commencing of the action to foreclose the mortgage.
Nor can it be seriously argued, that the widow and heirs at law of the mortgagor, could not successfully interpose the plea in their behalf against the mortgage, because they are in undoubted privity of estate with the mortgagor, which estate vested in them at his decease. The authorities are unanimous in support of the latter proposition, and while the right to plead the statutory bar to the promissory note is a personal privilege to be exercised by its maker or his legal representative, when the action seeks the sale *145 of real estate which, has vested in the widow and heirs at law, either by will or by descent, they or either of them may make the plea in protection of their estate from foreclosure and sale.
But it is urged in this cáse that the plaintiff in error does not stand in such privity of estate with the mortgagor or his heirs at law, as entitles him to make this defense. What are the facts he alleges ?
On the fourteenth of February, 1898, more than three years prior to the filing of the action to foreclose, The Henry St. Clair Company recovered a judgment in thé court of common pleas of Miami county against Kate C. Davis, one of the heirs of the mortgagor, for $304.87 and costs of suit. On the twenty-fifth of February of same year an execution was issued on this judgment, and it was levied on the undivided one-fifth of the real estate covered by the mortgage, which was the interest of said Kate C. Davis in the premises. After the judgment and levy Mrs. Davis conveyed her interest to Neva O. Cop-pock. In October, 1901, the judgment creditor commenced a suit against Kate C. Davis and her said grantee tc enforce the judgment, and in that suit, an order of sale was issued, and on the twenty-fourth = ■day of May, 1902, the said one-fifth interest formerly owned by Mrs. Davis, was sold by the sheriff to the plaintiff in error, which sale was confirmed by the court, and in pursuance of its order the sheriff executed and delivered to him a deed for said interest in said mortgaged premises.
By virtue of the judgment against Kate C. Davis, the execution, order of sale, the sale by the sheriff, its confirmation, and the deed of the sheriff, the plaintiff in error became seized of all the rights, title and interest which she had theretofore held in the prem-. *146 ises as one of the heirs of the mortgagor, and he became a tenant in common with the other heirs of the mortgagor, entitled as against them to bring and maintain proceedings for the partition of the real estate, and to enforce any and all the rights, and be subject to the liabilities of a tenant in common, which might accrue under his new relation.
It is true, the plaintiff in error did not receive a deed directly from Kate C. Davis, and thus connect himself with the title of the mortgagor, yet he became seized of all her interest just as effectually by the legal proceedings referred to. Our statute so provides in section 5402, Revised Statutes, where it is said: “The deed (sheriff’s) shall be prima facie evidence of the legality and regularity of the sale; and all the estate and interest of the person whose property the officer so professed to sell and convey, whether that interest existed at the time the property became liable to satisfy the judgment,- or was acquired subsequently, shall be thereby vested in the purchaser.”
Both by common law and surely by virtue of this statute, the purchaser at such judicial sale acquires all the right and title of the judgment debtor in the real estate.
Of course such purchase and the deed acquired thereunder do not of themselves free the premises purchased in this case of the prior mortgage lien for what may be due upon the mortgage, but does the purchaser thereby have such relation to the mortgaged estate that he may show in protection of his interest in the premises, that the action to foreclose the mortgage is barred by lapse of time? It is argued by counsel for defendant in error, that the grounds of defense *147 against the mortgage, including the right to plead the statutory bar, which belonged to Kate C. Davis, did not pass by the judicial sale of her interest in the premises, because the title of plaintiff in error is not one in privity with the title of the mortgagor. The first part of the proposition may be true, namely, that the right to plead the statutory bar which she possessed, did not pass as part of the interests acquired at the judicial sale; but it is equally true that her estate which was covered by the mortgage, and which would be taken from the plaintiff in error, did pass to and vest in him at the judicial sale. It is no longer a plea against the personal liability on the note, but a plea against the' enforcement of a mortgage which, but for the justness of the plea, would deprive the purchaser at judicial sale of his property. It therefore, is not so much an inquiry as to whether the judicial sale carried with it the right of Mrs. Davis to plead the statute of limitations, as it is whether he may not assert it in his own right as a purchaser of part of the mortgaged premises.
We think a summary of the authorities on the subject indicates the general rule, that any one in privity with the lien sought to be enforced against the premises, and any one who can be said to stand in the place of the person in whose favor the statute runs, is entitled to plead it.
As said in Corbey et al. v. Rogers, Jr., 152 Ind., 169-171: * ‘ The general rule is that the right to plead the statute of limitations is a personal privilege, but persons standing in the place of the party having the personal privilege, such as grantees, mortgagees, executors, administrators, trustees, heirs, devisees, or other persons holding under him, may set up such *148 defense. ’ ’ The court then cites in support of the rule numerous cases decided in other jurisdictions.
Had Mrs. Davis retained her share of real estate, it is conceded she could have plead the statute in bar of foreclosure. Why? Because she would be holding under the mortgagor and in privity of estate with him. So does her grantee hold under him, and in this sense, the purchaser at judicial sale is her grantee, and stands in her place in the chain of title, and therefore he holds under the mortgagor.
We think it has been well decided in several cases, that the holder of a junior mortgage may plead the statutory bar against the enforcement of a senior mortgage. See 19 Am. & Eng. Ency. Law, 185; Lent v. Shear, 26 Cal., 361-370; Hill v. Hilliard, 103 N. C., 34.
Two sections of the syllabus in the latter case are:
“2. A subsequent mortgagee or purchaser of the equity of redemption has the right to avail himself of the statute of limitations as a defense to the first mortgage, and after the rights of the first mortgagee are barred by the statute, no act or acknowledgment on the part of the mortgagor can revive the mortgage as to subsequent mortgagees or purchasers. ’ ’
“3. A subsequent mortgagee, or purchaser of the equity of redemption, can avail himself of the protection of the statute of limitations against a prior mortgage, although the mortgagor is a party to the action and refuses to plead the statute.”
The opinion in that case cites Jones on Mortgages, sec. 1509; Lent v. Shear, 26 Cal., 361; Medley v. Elliott, 62 Ill., 532; Fox v. Blossom, 17 Blatchf., 352.
If a junior mortgagee may so defend, so may a subsequent purchaser.
*149 In the case at bar, while the death of the mortgagor occurred before the statute had fully run, yet it had run its full course at the date of the order of sale and the sale of the interests of Mrs. Davis in the mortgaged premises. At that time she and the other heirs at law of the mortgagor held but the equity of redemption. The equity of redemption in favor of Mrs. Davis was certainly sold to the plaintiff in error and he acquired it at the judicial sale above referred to. Hence on the ground that he holds the equity of redemption in one-fifth of the incumbered premises, he is entitled to plead the statutory bar for the protection of his title.
The authorities to support the doctrine of this opinion are very numerous, if not unanimous, as witness, Trimble v. Fariss, 78 Ala., 260; McCarthy v. White et al., 21 Cal., 495; Lent v. Shear et al., 26 Cal., 361; Houston et al. v. Workman, 28 Ill. App., 626; Schmucker v. Sibert, 18 Kan., 110.
We quote from the latter case the following:
“Again when the note is barred, the mortgage is also barred, and a grantee of the mortgagor may interpose this defense to an action to foreclose the mortgage whether the mortgagor does or not.
“He may protect the property conveyed to him by a plea of the statute, as to any lien sought to be charged against it. He cannot interpose the plea beyond the extent of his interest, and therefore only to prevent a foreclosure. ’ ’
“In Coster v. Brown, 23 Cal., 142, the court decided, that £a purchaser of an estate subsequent to the mortgage, may intervene and plead the statute, ’ and further ‘when the debt to secure which a mortgage is given is barred by the statute of limitations, the mortgage is also barred, and if an action is *150 brought to foreclose it, one who has purchased or acquired a lien on the property subsequent to the mortgage has a right to intervene in the action and plead the statute of limitations. ”
See also Ewell v. Daggs, 108 U. S., 143-147.
It would seem that reasoning from any view point we may have of the question, 'the answer and cross-petition of plaintiff in error contains a good defense against foreclosure as to his share of the premises, and if true, that he is entitled to have the cloud of the mortgage thereon removed. •
The judgments of the lower courts are reversed and the demurrer to the answer and cross-pétition overruled and the cause is remanded to the common pleas court for further proceedings according to law.
Judgment reversed.
Spear, C. J., Davis, Sháuck and Crew, JJ., concur.
Summers, J., not sitting.