**CURTIS, Appellant,**

v.

**ISLAND DEVELOPMENT CORPORATION et al., Appellees.**

[Cite as *Curtis v. Island Dev. Corp.* (1995), 102 Ohio App.3d 320.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–94–15.

Decided March 31, 1995.

*James Reinheimer,* for appellant.

*Joyce B. Link* and *John A. Kocher,* for appellees.

---

*Per Curiam.*

This is an appeal from the Ottawa County Court of Common Pleas.

The issue in this case revolves around the applicability of the statute of limitations, and, as is common with statute-of-limitations questions, resolution depends on the underlying facts.

The facts in this case are essentially uncontested. On December 10, 1969, National Resort Lands, Inc. executed a mortgage and a note in favor of Glenn Graffice & Son, Inc. The note, for $35,196.02, was due and payable forty-seven weeks later, on November 4, 1970. The note was never paid, but on September 12, 1985, Graffice assigned the note and mortgage to Roy Curtis, appellant in this case.

On June 14, 1993, Curtis filed this action to foreclose on the property, seeking the original $35,196.02 plus $61,805.14. Appellee Lake Erie Utilities, which had

filed a lien on September 5, 1991, for "available for use fees" against the same property in the amount of $67,258.80, was named as a party in Curtis's complaint.

Lake Erie Utilities filed a motion to dismiss under Civ.R. 12(B) on the grounds that the action was barred by the statute of limitations. Lake Erie Utilities contended that under the terms of the note, it became due on November 4, 1970 and that following the fifteen-year limit set out in R.C. 2305.06, Curtis's action some twenty-two years later was clearly beyond the limit. Lake Erie Utilities also argued that under R.C. 5301.30, a mortgage expires after twenty-one years unless renewed pursuant to that section.

The trial court converted the motion to dismiss to a motion for summary judgment, directed the parties to file supporting evidentiary materials, and set the matter for a nonoral hearing. The court granted summary judgment in favor of Lake Erie. Curtis appeals, designating two assignments of error, which shall be treated jointly:

"I. The trial court erred to the prejudice of plaintiff, Roy Curtis, in granting summary judgment to Lake Erie Utilities.

"II. Defendant, Lake Erie Utilities, cannot raise § 5301.30 as a defense or a basis for summary judgment because the statute is not available to one with notice of the prior mortgage lien and thus Lake Erie Utilities was not entitled to summary judgment as a matter of law."

 In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; cf., also, *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353–354; Civ.R. 56(C).

The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v.*

*Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■ The resolution of Assignment of Error No. II depends on our treatment of Assignment of Error No. I, for if the underlying note and mortgage are invalid and unenforceable, the question of Lake Erie's notice is irrelevant. In support of his first assignment of error, Curtis relies heavily on the decision in *Hopkins v. Clyde* (1904), 71 Ohio St. 141, 72 N.E. 846, contending that the statute of limitations is a personal defense which may be asserted only by a person in privity with the holder of that defense. We find that appellant has misread the implication of the decision in *Hopkins,* which was written ninety years ago. The analysis of the court uses the term "privity," because that term was in common usage in the law at that time to describe a commonality or identity of interest. The facts in *Hopkins* were that there was privity between the parties, but that holding does not limit the defense to those in privity.

The syllabus in *Hopkins* states:

"1. One who, by either private or judicial sale, has become the owner of the interests in real estate belonging to one or more of the heirs at law of a mortgagor, may plead the statute of limitations in bar of an action to foreclose the mortgage on the real estate so acquired, although each and all of such heirs at law are parties to the action, and neglect, or refuse to interpose the plea."

Most significantly, the opinion in *Hopkins* analogizes to other situations where the statute of limitations may be pleaded, at 147–148, 72 N.E. at 848:

"We think a summary of the authorities on the subject indicates the general rule, that any one in privity with the lien sought to be enforced against the premises, and any one who can be said to stand in the place of the person in whose favor the statute runs, is entitled to plead it.

"As said in *Corbey et al. v. Rogers, Jr.,* 152 Ind. 169–171, 52 N.E. 748, 749: 'The general rule is that the right to plead the statute of limitations is a personal privilege, but persons standing in the place of the party having the personal privilege, such as grantees, mortgagees, executors, administrators, trustees, heirs, devisees, or other persons holding under him, may set up such defense.'

" * * *

"We think it has been well decided in several cases, that the holder of a junior mortgage may plead the statutory bar against the enforcement of a senior mortgage. See 19 Am. & Eng.Ency.Law, 185; *Lent v. Shear,* 26 Cal. 361–370; *Hill v. Hilliard,* 103 N.C. 34, 9 S.E. 639.

"Two sections of the syllabus in the latter case are:

" '(2) A subsequent mortgagee or purchaser of the equity of redemption has the right to avail himself of the statute of limitations as a defense to the first mortgage, and after the rights of the first mortgage are barred by the statute no act or acknowledgment on the part of the mortgagor can revive the mortgage as to subsequent mortgagees or purchasers.

" '(3) A subsequent mortgagee, or purchaser of the equity of redemption, can avail himself of the protection of the statute of limitations against a prior mortgage, although the mortgagor is a party to the action and refuses to plead the statute.'

"The opinion in that case cites Jones on Mortgages, Sec. 1509; *Lent v. Shear*, 26 Cal. 361; *Medley v. Elliott*, 62 Ill. 532; *Fox v. Blossom*, 17 Blatchf. 352, 9 F.Cas. 624, Fed.Cas. No. 5,008.

"If a junior mortgagee may so defend, so may a subsequent purchaser."

■ It is clear that even under the holding in *Hopkins*, appellee Lake Erie Utilities would have the right to assert that appellant Curtis's claim was barred by the statute of limitations. It is just as clear that the trial court was correct in finding that the claim was, based on the facts, barred by that statute. Assignment of Error No. I is not well taken and is overruled.

The issue in Assignment of Error No. II is the applicability of R.C. 5301.30 and the question of notice, but as noted above, that question is rendered moot by our decision in Assignment of Error No. I. Even after construing the facts on the question of notice most favorably toward Curtis, as we must under Civ.R. 56, reasonable minds can only conclude that his claim is time-barred and unenforceable. Thus, it was not error for the trial court to grant summary judgment in favor of Lake Erie. Assignment of Error No. II is not well taken and is overruled.

*Judgment affirmed.*

GLASSER, SHERCK and GREY, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.