[Cite as *Hitchcock v. Denison*, 2017-Ohio-9328.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


| | | |
|---|---|---|
| CHRISTOPHER P. HITCHCOCK TREASURER OF GEAUGA COUNTY, OHIO, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2017-G-0107** |
| Plaintiff, | : | |
| - vs - | : | |
| SHERMAN F. DENISON, et al., | : | |
| Defendants-Appellants, | : | |
| SYLVIA B. IMARS, | : | |
| Defendant-Appellee. | : | |


Civil Appeal from the Geauga County Court of Common Pleas, Case No. 15 F 000113.

Judgment: Reversed and remanded.


*Bruce L. Waterhouse, Jr.,* Nicola, Gudbranson & Cooper, LLC, Republic Building, Suite 1400, 25 West Prospect Avenue, Cleveland, OH 44115 (For Defendants-Appellants).

*Joyce E. Barrett* and *James P. Reddy, Jr.,* 55 Public Square, Suite 1260, Cleveland, OH 44113 (For Defendant-Appellee).


DIANE V. GRENDELL, J.

{¶1}  Defendants-appellants appeal the judgment of the Geauga County Court of Common Pleas, holding that they are barred from raising the statute of limitations defense against defendant-appellee.  The issue before this court is whether, when the original mortgagor has been found to have waived the statute of limitations against a

senior lienholder in a foreclosure action, subordinate lienholders are bound by that waiver and barred from raising the defense against the senior lienholder. For the following reasons, the judgment of the lower court is reversed and this matter is remanded for further proceedings consistent with this opinion.

{¶2} On February 9, 2015, Christopher P. Hitchcock, Treasurer for Geauga County, Ohio, filed a Complaint in Foreclosure against Charles J. Imars and others, including appellee, Sylvia B. Imars, and appellants, Sherman F. Denison, E. Bruce Dunn, and Rebecca Dunn. Hitchcock sought the foreclosure of property owned by Charles Imars at 14656 South Cheshire Street, in Burton, for "due and unpaid taxes, assessments, interest and penalties."

{¶3} On March 10, 2015, Sylvia Imars filed an Answer and Cross-Claim against Charles Imars. Sylvia alleged that she and Charles were divorced on March 6, 1996, and that he executed a promissory note to her in the amount of $20,000, secured by a mortgage on the property located at 14656 South Cheshire Street. According to the note, "both principal and interest were due and payable thirty-six (36) months from December 5, 1996 or upon the earlier sale of the real property."

{¶4} On April 16, 2015, Denison and the Dunns filed an Answer, Crossclaims and Counterclaim. They asserted that they "have a security interest in and lien against the real property and premises * * * pursuant to two Cognovit Demand Promissory Notes," executed on January 1, 2009, in the amount of $290,702.83 to Denison and $182,370.19 to the Dunns.

{¶5} On April 24, 2015, Charles Imars filed a Reply to Cross-Claim of Sylvia B. Imars, raising the affirmative defense of the statute of limitations.

{¶6}   On September 21, 2015, Charles Imars and the Treasurer for Geauga County stipulated to judgment in favor of the Treasurer in the amount of $41,494.42.

{¶7}   On February 29, 2016, Denison and the Dunns filed a Motion for Partial Summary Judgment, asserting that the Cross-Claim of Sylvia Imars "is time-barred by the statute of limitations set forth in R.C. 1303.16."

{¶8}   On April 19, 2016, the trial court entered judgment in favor of Denison in the amount of $496,657.03, and in favor of the Dunns in the amount of $309,694.68.

{¶9}   On September 30, 2016, a hearing was held on the issue of lien priorities and whether Sylvia Imars' note was subject to the statute of limitations defense.

{¶10}  On December 30, 2016, the trial court ordered the foreclosure of the subject premises.  With respect to Sylvia Imars' claim, the court ruled as follows:

> Mrs. Imars' Note provides, by its express terms, that the principal and interest is due and payable thirty-six (36) months from the date of the Note or upon sale of the subject property, whichever occurs first.  Therefore, the latest that Mrs. Imars' Note would have been due and payable was December 5, 1999.
>
> Absent an applicable defense to or exemption from its application, a claim to enforce Mrs. Imars' Note would be subject to the six-year statute of limitations set forth in R.C. 1303.16(A).
>
> * * *
>
> This Court finds, however, based upon the testimony at trial, that Mr. Imars has waived the operation of R.C. 1303.16(A) with respect to his debt to Mrs. Imars and that such waiver is binding upon subordinate lienholders, including the Denison and Dunn Defendants.  Therefore, Mrs. Imars' Note remains a valid and enforceable obligation of Mr. Imars.

{¶11}  The trial court's December 30, 2016 judgment further provides that, upon confirmation of the sale of the property, the proceeds of the sale shall be paid first to the

Geauga County Clerk of Courts; second to the Geauga County Treasurer; third to Sylvia Imars; fourth to Denison and the Dunns; and fifth to Charles Imars.

{¶12} On January 25, 2017, Denison and the Dunns filed a Notice of Appeal. On appeal, they raise the following assignments of error:

{¶13} "[1.] The trial court committed prejudicial error by entering judgment in favor of mortgagee Sylvia B. Imars against mortgagor Charles J. Imars, finding that Charles J. Imars waived his right to assert R.C. 1303.16(A) (the statute of limitations applicable to promissory notes), where there was no evidence in the record that Mr. Imars either expressly or impliedly waived the statute of limitations defense."

{¶14} "[2.] The trial court committed prejudicial error by holding that Mr. Imars' waiver of his statute of limitations defense prevented the Denison/Dunn Defendants from asserting the defense themselves, and by enforcing Mrs. Imars' promissory note as a valid claim and Mrs. Imars' mortgage as a valid lien with priority over the lien of the Denison/Dunn Defendants."

{¶15} We will address the second assignment of error first, as it is dispositive of the entire appeal.

{¶16} Under the second assignment of error, Denison and the Dunns argue that the trial court erred "in its holding that Mr. Imars' waiver of the defense of the statute of limitations was 'binding upon subordinate lienholders', thereby reviving Mrs. Imars' mortgage lien with priority over the mortgage lien of the Denison/Dunn Defendants." Appellants' brief at 7.

{¶17} The issue presented for review, whether the waiver of the statute of limitations defense by the maker of a promissory note secured by a mortgage is binding

4

on third parties having an interest in the mortgaged property, is a question of law. Therefore, this court applies the de novo standard of review. *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 23; *Office of Consumers' Counsel v. Pub. Util. Comm.*, 58 Ohio St.2d 108, 110, 388 N.E.2d 1370 (1979) ("[a]s to questions of law, [a reviewing] court has complete, independent power of review[;] [l]egal issues are accordingly subject to more intensive examination than are factual questions").

{¶18} Denison and the Dunns rely on *Hopkins v. Clyde*, 71 Ohio St. 141, 72 N.E. 846 (1904). The fact specific holding of that case was: "One who, by either private or judicial sale, has become the owner of the interests in real estate belonging to one or more of the heirs at law of a mortgagor, may plead the statute of limitations in bar of an action to foreclose the mortgage on the real estate so acquired, although each and all of such heirs at law are parties to the action, and neglect or refuse to interpose the plea." *Id.* at syllabus. The party seeking to assert the statute of limitations defense in *Hopkins* had acquired his interest in the subject property from an heir of the original mortgagor/promisor. He did not merely possess a secured interest in the property, but, rather, he had become "seised of all the rights, title, and interest which [the heir] had theretofore held in the premises as one of the heirs of the mortgagor, and he became a tenant in common with the other heirs of the mortgagor, entitled as against them to bring and maintain proceedings for the partition of the real estate, and to enforce any and all the rights and be subject to the liabilities of a tenant in common, which might accrue under his new relation." *Id.* at 145-146.

**{¶19}** It is evident that the factual situation in *Hopkins* is distinguishable, but not ultimately material to the outcome. The decision in *Hopkins* rests upon "[t]he general rule * * * that the right to plead the statute of limitations is a personal privilege, but persons standing in the place of the party having the personal privilege, such as grantees, mortgagees, executors, administrators, trustees, heirs, devisees, or other persons holding under him, may set up such defense." (Citation omitted.) *Id.* at 147-148. The court began with the proposition that the heirs of the mortgagor could assert the defense since they "would be holding under the mortgagor, and [would be] in privity of estate with him." *Id.* at 148. The question was whether a subsequent grantee (so the court described Hopkins as the purchaser of an interest at judicial sale) stood in the grantor's "place in the chain of title" so to hold under the mortgagor. *Id.* The court resolved the question by appealing to several "well decided" cases in which it was held that "the holder of a junior mortgage may plead the statutory bar against the enforcement of a senior mortgage" even when "the mortgagor is a party to the action and refuses to plead the statute." (Citation omitted.) *Id.*

**{¶20}** The holding of *Hopkins* was reaffirmed in the factually more similar case of *Curtis v. Island Dev. Corp.*, 102 Ohio App.3d 320, 657 N.E.2d 295 (6th Dist.1995). In *Curtis*, an assignee of the original mortgagee sought to foreclose the mortgage after the expiration of the statute of limitations. *Id.* at 321-322. The party seeking to assert the statute of limitations defense was a utility company which held a lien on the subject premises for "available for use fees."[1] The assignee argued that the utility company lacked privity with a proper holder of the defense. *Id.* at 323. The court of appeals

---

1. The appellate decision in *Curtis* does not provide further detail regarding the nature of the utility company's interest.

rejected this argument, noting that the holding of *Hopkins* did "not limit the defense to those in privity." *Id.* As discussed above, the Ohio Supreme Court in *Hopkins* expressly cited to the example of a holder of a junior mortgage raising the defense against the enforcement of a senior mortgage. *Hopkins* at 149 ("on the ground that he holds * * * equity of redemption in * * * the incumbered premises, he is entitled to plead the statutory bar for the protection of his title"). *Also Adams v. Bankers Trust Co.*, 2d Dist. Montgomery Nos. 25703 and 25706, 2014-Ohio-231, ¶ 15, fn. 4 (acknowledging, in dicta, "that authority exists allowing a junior mortgagee or lien holder to assert the statute of limitations against enforcement of a senior mortgage held by another party").

{¶21} Sylvia Imars' only argument as to why *Hopkins* should not determine the present appeal is that "*Hopkins* involved a foreclosure action brought by the **purchaser** of real estate, not another mortgagee, as appellants are herein." Appellee's brief at 12. As demonstrated above, the fact that in *Hopkins* a purchaser (judgment creditor) sought to raise the limitations defense is not a material difference from the present situation. In determining that the defense could be so raised, the Ohio Supreme Court reasoned that, "[i]f a junior mortgagee may so defend, so may a subsequent purchaser." *Hopkins* at 148. Thus, the holding in *Hopkins* is premised on the proposition that a junior mortgagee may raise the limitations defense against a senior mortgagee.

{¶22} For a discussion of the issue in foreign jurisdictions, *see Krauss v. Natl. Bank of Brunswick*, 192 S.E. 12, 14 (Ga.1937) ("we are of the opinion that the relation of the [subsequent mortgagee] to [the mortgagor] was so nearly analogous to that of a privy that it was entitled to the same relief as one would have been who was in the strictest sense a privy"); *Buss v. Kemp Lumber Co.*, 170 P. 54, 55 (N.M.1918)

7

("[b]roadly speaking any person who claims title to, or interest in, any real estate may invoke the aid of the statute of limitations as against a claimant whose claim is prior in time to the person invoking the aid of the statute, where the prior claim has been barred by the statute of limitations") (citation omitted).

{¶23} The second assignment of error is with merit.

{¶24} In the first assignment of error, Denison and the Dunns contend that the trial court's finding that Charles Imars waived the statute of limitations defense was not supported by the weight of the evidence. Our disposition of the second assignment of error and the conclusion that Denison and the Dunns would not be bound by Charles Imars' waiver renders the issue of whether that waiver was supported by the weight of the evidence moot.[2]

{¶25} The judgment of the Geauga County Court of Common Pleas is reversed to the extent indicated above, i.e., with respect to its holding that Charles Imars' waiver of "the operation of R.C. 1303.16(A) with respect to his debt to Mrs. Imars * * * is binding upon subordinate lienholders, including the Denison and Dunn Defendants." The matter is reversed for further proceedings consistent with this opinion. Costs to be taxed against the appellee.

THOMAS R. WRIGHT, J., concurs with Concurring Opinion,

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

_____

2. Charles Imars has not challenged the finding that he waived the statute of limitations defense and is not a party to this appeal.

8

THOMAS R. WRIGHT, J., concurs with Concurring Opinion.

{¶26} While I concur, I write separately to address the dissent. Not acknowledged or addressed is *Hopkins v. Clyde*, 71 Ohio St. 141, 72 N.E. 846 (1904), wherein the Supreme Court cited with approval *Hill v. Hilliard*, 103 N.C. 34, 9 S.E. 639:

{¶27} "'A subsequent mortgagee or purchaser of the equity of redemption has the *right to* avail himself of the statute of limitations as a defense to the first mortgage, and after the rights of the first mortgage are barred by the statute *no act or acknowledgement on the part of the mortgagor can revive the mortgage as to subsequent mortgagees or purchasers.*'" (Emphasis added.) *Hopkins*, at 148.

{¶28} Accordingly, the dissent is based on an inconsequential distinction and contrary to a superior court.

_____

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

{¶29} I would affirm the trial court's finding that Charles Imars waived the operation of R.C. 1303.16(A) with respect to the $20,000 debt he owed Sylvia Imars and that his waiver is binding upon subordinate lienholders, including the Denison and Dunn defendants. Thus, I respectfully dissent.

{¶30} "When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review." *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786,

9

2014-Ohio-2071, ¶89. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 81 (1984). Thus, in a bench trial, the trial court's factual findings are reviewed under the manifest weight standard of review, while the court's legal findings are reviewed de novo.

{¶31} The expiration of the statute of limitations is an affirmative defense that may be waived by the defendant. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998); *Marks v. Beacon Mut. Ind. Co.,* 4th Dist. Ross No. 935, 1983 WL 3120, *2 (Feb. 8, 1983). "[W]aiver is the voluntary relinquishment of a known right." *Nat'l City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶24 (11th Dist.). "Waiver can be express or implied from the conduct of the parties * * *." *Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 6th Dist. Lucas No. L-15-1189, 2016-Ohio-8380, ¶40. A waiver by estoppel exists when a party's conduct is inconsistent with an intent to claim a right and the other party relies on that conduct to his detriment. *Rini, supra.* The existence of waiver is a question of fact. *Palek Corp. v. A.P. O'Horo Co.,* 7th Dist. Mahoning No. 05 MA 141, 2007-Ohio-1121, ¶27. However, whether a mortgagor's waiver is legally binding on subsequent mortgagees is a question of law since it concerns the application or interpretation of the law. *See Wheatley v. Marietta College*, 4th Dist. Washington No. 14CA18, 2016-Ohio-949, ¶55.

{¶32} The record contains evidence of Charles' waiver. Sylvia testified she did not sue Charles prior to this case for several reasons. She said that between 1996 and 1999, he repeatedly told her he would pay his debt when he sold his property. She said that after 1999, she called him multiple times asking him to pay his debt. He said he still

10

did not have the money, but would pay her when he sold his property. Finally, in 2008, Sylvia hired an attorney to send Charles a demand letter. In response, Charles' attorney sent her attorney a letter stating:

> I discussed the demand with Mr. Imars, who indicated that his financial situation at the present time is such that he is unable to make any payment.
>
> He does have his real estate listed for sale, and should he be able to find a buyer, it would enable him to meet his financial obligations.
>
> I realize that this is not what you or your client would wish to hear, however, I do believe that continued forbearance in this matter would be the best course for all concerned." (Emphasis sic.)

{¶33} "A forbearance means 'a delay in enforcing * * * debts, * * * claims or obligations.'" *HomEq Servicing Corp. v. Schwamberger*, 4th Dist. Scioto No. 07CA3146, 2008-Ohio-2478, ¶19, quoting Webster's Third New Int'l Dictionary 886 (3d ed.1993). Otherwise stated, a forbearance is "'the refraining from doing something that one has a legal right to do. Giving of further time for repayment of [an] obligation or [an] agreement not to enforce a claim at its due date.'" *Id.*, quoting Black's Law Dictionary 664 (7th ed.1999). Sylvia said that, based on the letter from Charles' attorney, she further delayed filing suit.

{¶34} Sylvia testified that Charles never told her he did not owe her the money. Further, Charles testified that in 2008, when his attorney sent his letter to Sylvia's attorney, it was his (Charles') intention to pay the debt to Sylvia. In fact, Charles said he has always intended to pay this debt.

{¶35} Following the presentation of the evidence, the trial court ruled from the bench:

11

Mr. Imars testified honorably: * * * He intends to pay his wife. And it's his debt. It's not the debt of the other lienholders.

And while in his answer to [Sylvia's] cross-claim his attorney raised the statute of limitations, Mr. Imars as the person who owes the debt said: I intend to pay that debt, so he has effectively waived his statute of limitations defense. And the Court is of the opinion that other lienholders cannot bring that up when the debtor himself says: I owe it and intend to pay it.

So I do find that Mr. Imars continues to be obligated to Mrs. Imars and that the timing of the mortgage and note grant Mrs. Imars * * * priority over the other parties.

{¶36} The trial court's finding that Charles waived the statute of limitations was supported by competent, credible evidence. In reliance on his repeated promises to pay his debt when he sold his property, Sylvia delayed filing suit. Thus, Charles waived the defense based on prior agreements of forbearance to enforce the underlying note. The cases cited by appellants are inapposite because the mortgagors in those cases did not waive the limitations defense, thus allowing subsequent lienholders to assert the defense. In contrast, here, Charles waived the limitations defense before and after the limitations period ran on Sylvia's note and before appellants obtained their interests in his property. Thus, the trial court did not err in finding that Sylvia's interests had priority over appellants'. As a result, I would affirm and I respectfully dissent.

12